THE PEOPLE v. ANDREW M. SQUIRES.

*Seduction—Presumption as to chastity.*

Where a prosecution for seduction is instituted after a long period during which acts of intercourse have taken place from time to time, the prosecution must show that immediately before the act complained of the complainant was chaste and virtuous; no legal presumption of her reformation can arise from the mere fact that several months have passed without intercourse, especially if there was no opportunity for it.

The previous chastity of the prosecutrix in a seduction case is presumed if there is no evidence against it.

Exceptions before judgment from Jackson. Submitted October 19. Decided October 31.

INFORMATION for seduction. Respondent was convicted. Conviction set aside.

Attorney General *Jacob J. Van Riper* for the People.

*A. & C. A. Blair* for respondent.

GRAVES, C. J. In January, 1882, the respondent was convicted of having seduced and debauched one Mary Stiles on the 5th of September, 1880, and the case is brought here on exceptions before judgment.

The material evidence was given by the prosecutrix, and she testified that the respondent, being unmarried and keeping house with an unmarried sister of middle age, employed

the prosecutrix to do housework at a dollar and a half a week; that she commenced work the 7th of April, 1878, when not quite seventeen years of age; that shortly before March, 1879, he began taking liberties and finally in the course of that month had illicit intercourse with her; that the relation continued until the month of December of that year at which time, or rather in the January following, she ascertained she was pregnant; that after the intercourse had become established the respondent gave her to understand that she should not be injured by it and that he would marry her; that through his advice and procurement an abortion was performed in March, 1880, and that the intercourse was then suspended or broken off until September, a period of about six months, during which interval the respondent was almost constantly absent from home; that on his return it was resumed or begun again and then continued until within two or three months of his arrest. That on occasion of the first act after his return, which is the act laid in the information, he reminded her of what he had said to her on former occasions as to his purpose to save her from harm. That in consequence of this last run of intercourse she again became pregnant and was delivered of the child in September, 1881, but continued at work for him until the July preceding. She also gave evidence that respondent was the only one with whom she had intercourse. The circumstances are sufficiently explained by this reference to the testimony.

The nature of the case made it necessary for the People to establish beyond a reasonable doubt that immediately preceding the offense in September, 1880, the prosecutrix was chaste and virtuous (*People v. Clark* 33 Mich. 112), and had there been no evidence of prior unchastity, this branch of the case would have been sustained by the presumption in favor of the purity and innocence which arises where no repugnant indications appear. *People v. Brewer* 27 Mich. 134. But as we have seen it appeared from her own testimony that she had been unchaste; that from March, 1879, and until within about six months of the alleged offense she

had kept up illicit intimacy with the respondent and that it ceased only from about the date of the abortion and through the period of his absence and until his return home. The general presumption of prior innocence was displaced. The want of chastity at a time six months prior to the offense was admitted, and the validity of the prosecution depended on the sufficiency of what appeared to satisfy the jury beyond a reasonable doubt that in that interval of separation she became reformed and restored to virtue and so remained until the respondent's successful solicitation on his return home.

In submitting the case the learned judge observed substantially that this Court had held that a return to virtue between acts of intercourse might be presumed if the interval was long enough, and although he expressly declined to say that there was any such presumption here and therefore declined to charge that the six months of separation and the attending non-intercourse was sufficient, he yet omitted to charge the contrary and left the jury under the impression that they might apply the supposed ruling of this Court and make the presumption.

The view of this Court was misapprehended and the misapprehension was owing no doubt to the hurry incident to the trial. The case in the mind of the circuit judge was probably *People v. Clark* supra. Mr. Justice Marston there commented on the showing necessary to prove a return from a state of unchastity to a state of chastity, and he noticed that length of time between acts of unlawful intercourse might be a more or less potent fact with others to generate an inference of intermediate reformation. But it was not laid down that any lapse of time which would have been possible there, or that in any case mere abstention from intercourse for a few months, which might be fairly accounted for by want of opportunity, would ground a legal presumption of reformation beyond all reasonable doubt. The course of reasoning in *People v. Clark* is rendered the more obvious by the reference to *People v. Jenness*, 5 Mich. 305, and by the citations which urge the probability

of a continuance of illicit relations whenever they are once fully established.

The charge was likely to mislead the jury and we think the conviction should be set aside and a new trial granted.

The other Justices concurred.