# Hussey *v.* The State.

*Indictment for Seduction.*

1. *Argumentative charge on evidence.*—A charge instructing the jury that they "may look" to this fact, or "may consider" that fact, or "are authorized to infer" certain conclusions from the evidence, or from particular parts of the evidence, though a legitimate argument to the jury, is properly refused as an instruction.

2. *Seduction; constituents of offense.*—To authorize a conviction for seduction (Code, § 4015), the woman must be not only unmarried, but chaste in fact at the time; the inquiry being, not as to her character or reputation for chastity, but as to her actual chastity.

From the Circuit Court of Pike.

Tried before the Hon. John P. Hubbard.

The defendant in this case was indicted for the seduction of Rebecca LcLendon, an unmarried female. On the trial, the prosecutrix testified that the defendant seduced her, in

[Hussey v. The State.]

the summer of 1886, under promise of marriage, she being engaged at the time to marry him; that she gave birth to a child in July, 1887, of which he was the father; and that she had never had sexual intercourse with any other man. The child was born in Columbus, Ga., where the prosecutrix was visiting with her mother; and she admitted that, on the trip, acting under the defendant's advice, "she passed herself off as a widow Hussey." The defendant's attentions to her were proved by other members of her family, and several letters written by him to her were read in evidence, in which he expressed great affection, and urged their speedy marriage. Several witnesses were introduced by the defendant, each of whom testified that he had, on many occasions, had sexual intercourse with the prosecutrix during the year 1886. The defendant asked the following charges in writing, and duly excepted to their refusal: (4.) "If the prosecutrix used or practiced falsehood in avowing herself a widow, and passing herself off for a widow, although she may have been instigated to it by the defendant; this is a circumstance to which the jury may look in determining the credibility of her testimony." (5.) "If the jury believe that any witness hugged and kissed the prosecutrix, and felt of her person, and she willingly submitted to it; this is a circumstance to which the jury may look in determining her chastity." (7.) "If any witness testified to the bad character of the prosecutrix for chastity before the alleged offense, the jury may believe her to have been unchaste, if they believe the witness, although it may not be proved that she had connection with any other man before this offense." (9.) "If the character of the prosecutrix for chastity is proved to be bad, then the jury ought not to convict the defendant, although her intercourse with any other man or men is not proved."

HARPER & GARDNER, for the appellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The fourth and fifth charges requested by the defendant were mere arguments for the jury on the facts of the case, and announced no sound propositions of law based on the evidence, as all charges should do, other than those based on the sufficiency of the evidence. "Charges of this character," as we have heretofore observed,

"asserting that the jury 'may look to' this fact, or 'may consider' that fact, or 'are authorized to infer' certain formulated conclusions from the evidence, and especially from specific parts of it, have often been condemned by us as objectionable, and should never be given, although either the giving or the refusal of such instructions may not be a reversible error. They are legitimate arguments for the jury, not announcements of legal principles proper to be in the form of instructions by the court."—*Snider v. Burks*, 84 Ala. 53, 59. There was no error in refusing either of these instructions.

The statute provides that, in the prosecution for the seduction of an unmarried woman, like the present, "no conviction can be had, if on the trial it is proved that such woman was, at the time of the alleged offense, unchaste." Code, 1886, § 4015; *Wilson v. State*, 73 Ala. 527. This means actually unchaste, wanton, libidinous, or lewd in conduct—not having a bad reputation or character for chastity. The female must not only be unmarried, but chaste in fact, when seduced. — *Kenyon v. People*, 26 N. Y. 203; s. c., 84 Amer. Dec. 177; Bishop on Stat. Crimes (2d Ed.), § 639.

The seventh and ninth charges requested by defendant were, under this principle, properly refused. The word "character," used in these charges, is ambiguous in meaning, and may be construed to refer to the reputation of the prosecutrix. It was; therefore, misleading, in as much as evidence of bad reputation for chastity was inadmissible to prove a want of actual virtue.

There appears to be no error in the record, and the judgment must be affirmed.