## George C. Bailey v. State of Nebraska.

Filed February 9, 1899. No. 10483.

1. **Rape.** A woman not "previously unchaste," within the meaning of section 12, chapter 4, of the Criminal Code, is one who has never had unlawful sexual intercourse with a male prior to the intercourse with which the prisoner stands indicted.

2. ———. The object of the statute is to protect the virtuous maidens of the commonwealth,—to protect those girls who are undefiled virgins; and a female under eighteen years of age and over fifteen years of age who has been guilty of unlawful sexual intercourse with a male is not within the act.

3. ———. The gist of the crime denounced by this statute is the defilement of a virgin with her consent, over fifteen and under eighteen years of age, by a man over eighteen years of age.

4. ———. The prisoner was indicted for rape under the statute for having in Nebraska had sexual intercourse, with her consent, with a girl over fifteen and under eighteen years of age and not "previously unchaste." The evidence showed that the female, after she was fifteen years of age and before her sexual intercourse with the prisoner in Nebraska, had had illicit sexual intercourse for the first time with him in the state of Iowa, and that she had sustained such relations with no other man than the prisoner. *Held*, That the evidence would not sustain a conviction.

5. ———: Information. In such an indictment may be included all acts of unlawful sexual intercourse which occurred between the prisoner and the prosecutrix in the state of Nebraska after the female became fifteen years of age and which were not barred by the statute of limitations.

6. **Criminal Law:** Estoppel of Accused. The state, in a criminal prosecution, may not invoke against the prisoner the doctrine of estoppel.

7. ———: Conviction. To sustain a criminal conviction it is not enough for the state to show that the prisoner indicted has violated the spirit of the statute, but the evidence must show beyond a reasonable doubt that he has offended against the very letter of the law.

Error to the district court for Douglas county. Tried below before Slabaugh, J. *Reversed.*

*Macfarland & Allschuler*, for plaintiff in error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

References: Greenleaf, Evidence, sec. 54; *State v. Fitzsimmons,* 9 Am. Crim. Rep. [R. I.] 347; *McCombs v. State,* 8 O. St. 643; *State v. Forshner,* 43 N. H. 89; Wharton, Criminal Law secs. 226, 311, 1151; *State v. Bryan,* 34 Kan. 63; *Ingram v. Plaskett,* 3 Blackf. [Ind.] 450; *Snowden v. United States,* 9 Am. Crim. Rep. [D. C.] 449; *Hardtke v. State,* 67 Wis. 554; *Clough v. State,* 7 Neb. 342; *Yeomans v. State,* 21 Neb. 176.

RAGAN, C.

Section 12 of chapter 4 of the Criminal Code of this state, among other things, provides: "If any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, every such person so offending shall be deemed guilty of rape." George C. Bailey was indicted in the district court of Douglas county, under the statute just quoted, for having on June 13, 1898, had sexual intercourse with one Clara Blue with her consent, she then and there being a female of the age of sixteen years and not previously unchaste. Bailey was convicted and sentenced to the penitentiary, and brings that judgment here for review on error. Of the numerous assignments of error argued in the brief it would subserve no useful purpose to notice but two.

1. The evidence in the bill of exceptions shows, without contradiction, that in June, 1898, Clara Blue was between sixteen and seventeen years of age; that no man had ever had sexual intercourse with her except the prisoner; that in March of that year she lived in the state of Iowa; that the prisoner formed her acquaintance at a hotel in Pacific Junction, in that state, in the month of March, 1898; that with her consent he then had sexual

intercourse with her in Iowa; that subsequently in June
of said year she came to the city of Omaha, in this state.
and on the 13th of said month, and at divers other times
before and after that date, he again had sexual inter-
course with her in this state, she consenting thereto. As
to the meaning of the phrase "previously unchaste,"
found in the statute just quoted, the district court in-
structed the jury as follows: "By the phrase 'unchaste,'
as used in the law defining rape, is meant, lewd; having
an indulgence of lust; and, as applied to a female child
previously unchaste, means that she was previously, be-
fore the act complained of, lewd, or had an indulgence
for lust." The prisoner took an exception to the giving
of this instruction. We do not approve of the construc-
tion placed upon the phrase in the statute as embodied
in this instruction. The definition of an unchaste
woman, within the meaning of the statute, is by the dis-
trict court given as a lewd woman,—a woman possessing
an indulgence for lust; or, as we understand the court's
definition, a woman, to be unchaste, within the meaning
of this statute, must be of notorious lewd and lascivious
habits; in the ordinary language of the day, she must
be a "prostitute." We do not think this is the meaning
of the statute. A woman not "previously unchaste,"
within the meaning of the statute, is one who has never
had unlawful sexual intercourse with a male prior to the
act of intercourse for which the prisoner stands indicted.
The object of the statute quoted was to protect the vir-
tuous maidens of the commonwealth,—in other words,
to protect those girls who were undefiled virgins; and
a female under eighteen years of age and over fifteen
years of age who has been guilty of unlawful sexual in-
tercourse with a male is not within the act.

2. But the evidence in this record does not sustain the
verdict on which the judgment rests. The material al-
legations of the indictment are: That the prisoner was
a man over eighteen years of age; that in Douglas county
Nebraska, with her consent, he had sexual intercourse

with Clara Blue; that she was then and there sixteen years of age, and not "previously unchaste." The latter averment was not only not proved by the state, but the undisputed evidence shows that Clara Blue, prior to the date of her intercourse with the prisoner in Nebraska, was unchaste. The fact that she was first deprived of her virginity by the prisoner does not strengthen the state's case. That first illicit sexual act of the female and prisoner occurred in the state of Iowa. Had the first defilement of the girl by the prisoner occurred in Nebraska instead of Iowa on the date it did, and which was prior to the one charged in the indictment, then the first defilement would be no defense to the prisoner on an indictment for the second, since both would have been within the statute of limitations and each intercourse a part of the crime charged in the indictment. But to sustain this conviction on this evidence is to punish the prisoner here for the crime committed in another jurisdiction. The statute is a harsh one and the penalties for its violation severe. To sustain a conviction under it the evidence must show beyond a reasonable doubt, among other things, that the female with whom the sexual intercourse was had was, prior to that intercourse, sexually pure,—chaste as Diana. To show that she was chaste prior to the sexual act in Nebraska but for her previous seduction by the prisoner in another state does not satisfy the statute. Suppose the statute of limitations for this crime was one year instead of three; suppose the prisoner in Nebraska deprived this girl of her virginity when she was sixteen and she did not again carnally know any man until she was seventeen and a half, and then, with her consent, sexual intercourse occurred between herself and the prisoner and he is indicted therefor. Is it not clear that the intercourse which occurred when she was sixteen would, if established, afford the prisoner a complete defense? It would, because after the second sexual act she was not chaste. The first illicit intercourse would not be included in and

a part of the crime charged in the indictment; that act would be barred by the statute of limitations. The statute does not punish men for unlawful sexual relations with a prostitute over fifteen years of age, nor for such relations with a female who, though not a prostitute, has already submitted herself to the illicit embraces of a male capable of performing the copulative act.

3. But it is said by counsel for the state that to allow the prisoner to urge as a defense here the intercourse which took place between himself and the prosecutrix in the state of Iowa would be permitting the accused to take advantage of his own wrong. This is simply saying that the accused is estopped from asserting the truth of his unlawful conduct in another jurisdiction, because that conduct would establish his innocence of the crime with which he is charged with having committed in this state. But the state, in criminal prosecutions, may not invoke against the prisoner the doctrine of estoppel. (*Moore v. State*, 53 Neb. 831.) To sustain a criminal conviction it is not enough for the state to show that the prisoner indicted has violated the spirit of the statute, but the evidence must show beyond a reasonable doubt that he has offended against the very letter of the law. (*Moore v. State*, 53 Neb. 831; Criminal Code, sec. 251.) Here the prisoner is charged with having had in this state sexual intercourse, with her consent, with a girl sixteen years of age, she being prior thereto chaste. At the time the intercourse occurred in this state the female was not chaste. Prior to the prisoner's intercourse with her in Iowa, so far as this record shows, she was chaste, and in Iowa—for we must presume the laws of that state to be the same as ours—he robbed her of her virginity and committed the crime for which he is convicted here. The judgment of the district court is

REVERSED.