E. A. NORMAN v. THE STATE.

No. 6175.   Decided May 11, 1921,

1.—Rape—Statutes Construed—Unchastity of Female.

Where, upon trial of statutory rape, under the Act of the Thirty-Fifth Legislature, the court instructed the jury that the fact that the alleged female had had intercourse with other men prior to the arrival at the age of fifteen, would constitute no justification of the offense, the same was reversible error.

2.—Same—Words and Phrases—Defense—Chaste Woman—Unchaste Woman.

The use of the word "defense" as defined by lexicographers, etc., precludes any meaning of the statute other than this. A chaste woman, within the meaning of the law, as applied to an unmarried woman, signifies one who has had no carnal knowledge of men, and an unchaste unmarried woman is one who has' had carnal knowledge of men, and in cases of statutory rape the fact that the character of the female was unchaste prior to the time she had attained the age of consent, is available. Following Bailey v. State, 37 American State Rep., 543, and other cases.

3.—Same—Statutes Construed—Legislative Intent—Age of Female.

The statute of this State, *supra*, was manifestly framed to preserve the purity of females under eighteen years of age, and to refrain from punishment for rape of one having intercourse with a female over fifteen years of age whom the evidence showed to be unchaste at the time the allegd offense was committed.

4.—Same—Unchastity—Prosecutrix—Circumstantial Evidence—Burden of Proof.

Upon trial of statutory rape, defendant should have been permitted by circumstances to supplement the direct evidence tending to show the unchaste character of prosecutrix, and the burden of showing such unchaste character was not by reputation but by specific acts. Following Woodruff v. State, 72 Nebr., 815, and other cases.

5.—Same—Evidence—Husband and Wife—Illicit Intercourse Before Marriage.

Upon trial of statutory rape, testimony as to circumstances showing that the defendant had been guilty of illicit intercourse with his wife prior to their marriage was inadmissible.

Appeal from the District Court of Reeves.   Tried below before the Honorable Charles Gibbs.

Appeal from a conviction of rape upon a female under the age of consent; penalty, twenty years' imprisonment in the penitentiary.

The opinion states the case.

*Ben Palmer, R. D. Blaydes,* and *Hudspeth, Wallace & Harper,* for appellant.—On question of unchaste character of prosecutrix: Creighton v. State, 41 Texas Crim. Rep., 101; Davis v. State, 36 id., 550; Nolan v. State, 48 id., 438.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is statutory rape; punishment fixed at confinement in the penitentiary for twenty years.

The statute, as it relates to the present prosecution, defines the offense thus: "Rape is the carnal knowledge of a female under the age of eighteen years other than the wife of the person, with or without her consent, and with or without the use of force, threats, or frauds. Provided, that if the woman if fifteen years or over, the defendant may show in consent cases, she was not of previous chaste character as a defense." (Acts of the Thirty-fifth Legislature, Fourth Called Session, Chap. 50).

This statute changed the definition of statutory rape, which previously fixed the limit of the age of consent at fifteen years, and contained no *proviso*. In the instant case, the prosecutrix was over fifteen years and under eighteen years at the time the offense was charged to have been committed. There was evidence introduced that before the prosecutrix reached the age of fifteen years, she had had carnal intercourse with the appellant and with other persons.

The court instructed the jury that the fact that she had had "intercourse with other men prior to her arrival at the age of fifteen would constitute no justification of the offense." He refused to instruct the jury upon the request of appellant, in substance, that if, at the time of the alleged offense, she was over fifteen years of age and was not "previous chaste character to acquit the appellant." In an appropriate manner, these rulings are complained of and brought up for review.

That part of the statute declaring that in cases of consent the woman is over fifteen years of age, the defendant may show *"she was not a previous chaste character as a defense"* would seem to require no interpretation.

The Legislature apparently has selected appropriate language in which to declare that in such a case, the prosecutrix being over fifteen years of age when the act was committed and the proof showing that she was of previous unchaste character, no conviction can result. These facts being established by the evidence and found to be true by the jury under suitable instructions, bring into operation the statute which protects the accused and bars the State.

The use of the word "defense," as defined by lexicographers and the courts, it would seem, precludes any meaning of the statute other than this. (Words & Phrases, 2nd Series, Vol. 1, page 1268).

A chaste woman, within the meaning of the law as applied to an unmarried woman, signifies one who has had no carnal knowledge of men. Cyc. of Law & Proc., Vol. 6, page 978; Words & Phrases, 2nd Series Vol. 1, page 652; State v. Kelly, 90 S. W. Rep., 834; 191 Mo., 680; Kerr v. United States, 104 S. W., 809; Marshall v. Territory, 101 Pacific, 139.

An unchaste, unmarried woman is one who has had carnal knowledge of men, within the meaning of the statute. State v. Dacke, 59 Wash., 239; 30 L. R. A. New Series, page 173; Woodruff v. State,

72 Neb., 815, 101 N. W. 1114; Bailey v. State, 57 Neb., 706, 73 Amer. State Rep., 540; State v. Sargent, 62 Wash., 692; 35 L. R. A. New Series, 173.

In all instances coming to our attention in which the law recognizes as a defense to the charge of statutory rape the fact that the character of the female was unchaste, evidence of the want of chastity prior to the time she attained the age of consent, is available. Ruling Case Law, Vol. 22, page 1190; Sec. 22.

In Nebraska, the statute reads thus: "If any male person, of the age of eighteen years or upward, shall carnally know or abuse any female child under the age of eighteen years with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, every such person so offending shall be deemed guilty of rape."

Construing this statute the Supreme Court of Nebraska, in Bailey v. State, 73 Amer. State Rep., 543, held the evidence insufficient to sustain the conviction. The court said:

"The statute does not punish men for unlawful sexual relations with a prostitute over fifteen years of age, nor for such relations with a female who, though not a prostitute, has already submitted herself to the illicit embraces of a male capable of performing the copulative act."

Upon the same subject, discussing a similar statute concerning seduction, the point being made that the female was unchaste because of acts committed while she was below the age of consent, as used in defining rape, the court said: "Her favors might be common to all, yet she would be chaste by operation of law. Impure in fact, she would be pure by statute. . . . We do not think that the legislature meant constructive chastity when it said previous chaste character, but that it meant chastity in fact, according to the popular sense of that word. Character pertains to the person, and is the distinguishing mark of what the person is. It is not founded on presumptions of law, but on good conduct." (People v. Nelson, 60 Amer. St. Rep., 596.)

The statute of this State in question was manifestly framed to preserve the purity of females under eighteen years of age, and to refrain from punishment for rape of one having intercourse with a female over fifteen years of age whom the evidence showed to be unchaste at the time the alleged offense was committed. In construing this statute to preclude the use of evidence of unchaste conduct of the prosecutrix prior to her attaining the age of fifteen years as going to establish her unchastity, we are constrained to the belief that the learned trial judge was in error. Such construction seems incompatible with the statute itself.

In the case before us the prosecutrix became fifteen years old on March 30. The act relied on occurred in April. At the time the character of the prosecutrix, if unchaste, was a fact made by the statute

available to the accused as a defense, but according to the construction given the statute, not provable for the reason that the acts revealing the unchastity occurred prior to the 30th of March, immediately preceding the alleged offense.   To sanction such construction would apparently impute the intent of the lawmakers to give to the accused the right to prove a defense and at the same time render it impossible to do so, notwithstanding the facts were at hand.   The Legislature intended that the right should be real, not fictitious, and did not design to declare one pure in law who was defiled in fact.

Appellant sought, by circumstances, to supplement the direct evidence tending to show unchaste character in the prosecutrix.   These were of more or less cogency but such as they were, the court was not warranted in rejecting them.   In furtherance of his effort to prove a defensive matter circumstances, such as are often used by the prosecution in the proof of sexual relations, were properly at appellant's command.   Upon him was the burden of showing her unchaste character, not by reputation, but by specific acts.   Woodruff v. State, 72 Neb., 815;   State v. Workman, 56 Wash., 292;   Hast v. Territory, 5 Okla., 162;   Dallas v. State, Amer. Law Rep., Vol. 3, page 1457.

The scope of the evidence offered and rejected in the present case was within that recognized as admissible under the law.   Underhill on Crim. Evidence, Sec. 381.   It related to the declarations of the prosecutrix, her association and relations with other men, and her opportunities for improper relations.   (For illustrations see Coons v. State, 49 Texas Crim. Rep., 256;   Snodgrass v. State, 36 Texas Crim. Rep., 211;   Creighton v. State, 41 Texas Crim. Rep., 101;   Davis v. State, 36 Texas Crim. Rep., 550;   Nolan v. State, 48 Texas Crim. Rep., 438;   Bailey v. State, 36 Texas Crim. Rep., 546;   Barnes v. State, 37 Texas Crim. Rep., 326;   Parks v. State, 35 Texas Crim. Rep., 380).

We think it was incompetent to introduce in evidence circumstances showing that the appellant had been guilty of illicit intercourse with his wife prior to their marriage.   This was done by proving the date of the marriage and the birth of the child.   The complaint of the use of this in argument we do not find supported by any bill of exceptions. The evidence was objected to, however, and should have been excluded.   It was relevant to no issue in the case; it tended to prove a different offense and was calculated to prejudice the rights of the accused.

From what has been said, it follows that, in our opinion, a reversal should be ordered.

*Reversed and remanded.*