Fox v. State.

STANLEY FOX v. STATE OF NEBRASKA.

FILED JULY 15, 1921.   No. 21407.

1. **Evidence** examined, and *held* to sustain the verdict.

2. **Rape:** CHASTITY: EVIDENCE. Where, on the trial of one charged with rape upon a girl over the age of 15 years and under the age of 18 years, the evidence shows that defendant was one of a party making the assault, and that before the commission of the act charged against defendant prosecutrix had been ravished by another member of the party, it is proper for the court to instruct the jury that the intercourse had by prosecutrix with the first assailant did not render her unchaste within the meaning of the statute.

ERROR to the district court for Douglas county: WILLIAM A. REDDICK, JUDGE.   *Affirmed; sentence reduced.*

*Jamieson & O'Sullivan* and *C. J. Southard,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort,* contra.

Heard before MORRISSEY, C.J., DAY, DEAN, FLANSBURG and ROSE, JJ.

MORRISSEY, C.J.

Defendant prosecutes error from a conviction of the crime of rape in the district court for Douglas county.

On the evening of September 13, 1919, defendant, a boy 19 or 20 years of age, and three other boys and two girls went "joy-riding" in the city of Omaha.   After driving about the city for a short time they drove to the edge of

the city onto a street little used, and there the boys assaulted the girls.

After presenting 14 assignments of error, the brief recapitulates and reduces the number to six, which it says is a sufficient "statement of the record necessary to present these errors." These six assignments may be summed up in the statement that the evidence is insufficient in law to sustain the verdict, and that it is especially lacking in corroborating evidence of the principal fact charged, and testified to by the prosecutrix.

The boys were well acquainted, one with the other, but prior to that evening none of them had met either of the girls. While two of the boys were riding in the automobile they accosted the girls, who had shortly before left a school entertainment, and invited them to ride. The invitation was accepted. Subsequently defendant and another boy joined the party. The girls were indiscreet in accepting an invitation from young men whom they did not know, but they were only 17 years of age, had lived in a city but a short time, and lacked the knowledge of the world that years will bring them. The record shows that they were virtuous girls, and there was nothing in their appearance or conduct to invite the assaults that were later made upon them.

Shortly before the assault defendant and another boy got out of the car, which proceeded for a short distance, when it was stopped. One of the party explained that the supply of gasoline was exhausted. The girls, evidently feeling that their companions had criminal designs, alighted from the car. One girl attempted to walk home, but she was immediately followed and assaulted by one of the party. Prosecutrix undertook to crank the car, when she was assaulted and ravished by the boy who had been driving. Presently defendant, who, as heretofore stated, had left the car some time before, came up and, according to the testimony of prosecutrix, had forcible intercourse with her. Defendant claims to have only caressed her, and denies having had sexual intercourse.

At the preliminary hearing, on cross-examination, prosecutrix testified that defendant did not have intercourse with her, but on the main trial she testified that he had, but said the act was not completed because some one in the party called out that a man was coming on horseback, and defendant desisted.

The entire party later got into the car to return to the city, but at the first opportunity prosecutrix left the car, fled from her assailants, and the assault was reported to the police authorities forthwith. The story of prosecutrix is fully corroborated by her girl companion, except only as to what occurred during the few moments they were separated. The physical condition of prosecutrix, as described by a physician who examined her shortly after the assault occurred, also corroborates her. The evidence is sufficient to sustain the verdict.

In addition to the assignments heretofore mentioned, it is urged that, because the proof shows prosecutrix was first ravished by one of defendant's companions, she was not, therefore, previously chaste within the meaning of the statute, and that it was error to give instruction No. 6, which told the jury that, "in order to sustain a conviction in this case, the evidence must show beyond a reasonable doubt, among other things, that the female with whom sexual intercourse is alleged to have been had was, prior to that intercourse, sexually pure," but also told the jury that it was sufficient if the state had established the chastity of the prosecuting witness previous to the night of the transaction described in the evidence, and that the fact that prosecutrix shortly before the assault alleged to have been made by defendant had been assaulted and ravished by his companion would not render her unchaste within the meaning of the statute.

In *Bailey v. State*, 57 Neb. 706, the rule is announced that a woman not "previously unchaste" within the meaning of the statute is one who has never had unlawful sexual intercourse prior to the intercourse with which defendant stands charged. There, however, the court was

considering a record which showed that the prosecuting witness had permitted defendant to have unlawful intercourse with her in another state prior to the time charged in the information. In the discussion the court correctly stated the purpose of the statute to be the protection of the virtuous maidens of the state. A statute which would permit a party of men to assault a maiden and have intercourse with her forcibly and against her will, and then permit the acquittal of defendant because he was not the first of the party to have such intercourse, would fall short of the object so well stated by the author of the opinion in *Bailey v. State, supra.* Where a prior act of intercourse was had with prosecutrix, forcibly and against her will, she was thereby debauched in a physical, but not in a moral, sense and was still chaste within the meaning of the statute. The instruction of the court was proper under the evidence.

Defendant is young and appears to have been industrious and well-behaved prior to the commission of the crime of which he has been convicted. He was not one of the moving spirits in the organization of the party nor one of the leaders in the assault. While the crime is a heinous one, it is easy to believe that he yielded to the evil influence of his companions, rather than to inherent criminal tendencies. The case seems to fall within the provisions of section 9179, Rev. St. 1913. The term of penal servitude is reduced to four years, and, as thus modified, the judgment of the district court is affirmed.

AFFIRMED.