[2] In Allison v. State, supra, will be found this language:

"The right to use such admissions and confessions is not limited to such cases only where it is shown that the property was actually found at the place indicated in the confession, but they are admissible also whenever they furnish information by which the property is recovered, or when the property has been traced by means of the information received from the prisoner."

This proposition is supported by the many authorities cited in the Allison Case, and also by Buntain and Daggett Cases, supra.

[3] Recognizing the latter rule, we have searched the record in vain for evidence which would authorize a conclusion that the subsequent search by Officer Gregory, which resulted in finding the property, resulted from any information given by accused. If it resulted from information given by Brewer to the officers, the statement made by accused to Hays would be inadmissible. If Gregory was convinced from other facts discovered by him, independent of appellant's statement, that some of the property was secreted somewhere on accused's premises, and persisted in the search until success rewarded his effort, the statement to Hays could not be shown. If Gregory found the property without knowledge of what accused told Hays, then nothing in the statement aided in the discovery of it.

As the record reveals itself to us, we are of the opinion that appellant's statement to, and acts in the presence of, Hays, and the cross-examination of appellant with reference thereto, should not have been allowed.

The judgment of the trial court is reversed and the cause remanded.

---

## CLONINGER v. STATE.   (No. 6461.)

(Court of Criminal Appeals of Texas.  Dec. 7, 1921.  State's Rehearing Denied Feb. 22, 1922.)

**1. Rape ☞23—Exact age of girl under 18 need not be alleged.**

An indictment charging rape of a girl under 18 years of age is sufficient; it being unnecessary to allege her age with greater certainty.

**2. Criminal law ☞1144(8)—No error presumed in refusing to quash venire.**

Refusal to quash the venire upon the ground that only 38 of the 60 veniremen were in attendance or had been excused is not shown to be erroneous where there was no bill of exceptions to the overruling of the motion, and it appeared that the hearing thereon was postponed for 2 days, at which time it will be presumed, in the absence of further complaint, the absent veniremen were present, or their absence satisfactorily accounted for.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Rape** ⟨key⟩**40(4)—Character of prosecutrix cannot be shown by proof of character of associates.**

In a prosecution for rape of a girl under the age of consent, it was not error to exclude evidence that on an occasion when defendant and prosecutrix were out with another couple prosecutrix knew of sexual intercourse between the other couple, since the character of prosecutrix cannot be shown by proof of the character of her associates.

**4. Witnesses** ⟨key⟩**414(2) — Previous written statement confirming testimony of prosecutrix as to age held admissible.**

In a prosecution for rape of a girl under the age of consent, where defendant .testified prosecutrix told him she was over 18 years of age, an entrance card signed by prosecutrix on entering a term of school at the time of the alleged assault stating her age in accordance with her testimony, was competent under the rule that one whose testimony about a matter is attacked by a proof of contradictory statements may be sustained by proof of prior similar statements.

**5. Rape** ⟨key⟩**40(1)—Question as to general reputation of prosecutrix held objectionable.**

A question as to whether witness knew the general reputation of prosecutrix among the people with whom she associated was objectionable as not directed at any particular kind or character of reputation.

**6. Criminal law** ⟨key⟩**627½—Accused held entitled to inspect letters written to prosecutrix.**

Where the prosecution introduced in evidence a letter written by accused to prosecuting witness, and had brought other letters written by him to her into court in response to a subpœna duces tecum, it was error to refuse counsel for accused an opportunity to inspect the other letters, which, if they related to the same subject as the one introduced by the state, would have been admissible under Vernon's Ann. Code Cr. Proc. 1916, art. 811.

On Motion for Rehearing.

**7. Rape** ⟨key⟩**4—Prosecutrix is not of "previous chaste character" after previous intercourse with defendant.**

' Under Pen. Code 1911, art. 1063, as amended by Acts 35th Leg. 4th Called Sess. (1918) c. 50, making it a defense to statutory assault if the woman was 15 years of age or over, and not of previous chaste character, proof of intercourse between defendant and prosecutrix prior to the act charged establishes the defense (citing Words and Phrases, Second Series, Previous Chaste Character).

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Barney Cloninger was convicted of rape of a girl under the age of consent, and he appeals. Reversed and remanded.

Owsley & Owsley, of Denton, for appellant.
Sullivan, Speer & Minor, of Denton, and R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Denton county of rape of a female under the age of consent, and his punishment fixed at confinement in the penitentiary for a period of 5 years.

[1] There was no merit in appellant's motion to quash the indictment. It was not necessary to state the age of the alleged injured female in the indictment with more certainty than that she was at the time under 18 years of age. In the instant case the alleged injured female was 15 years of age.

No error was committed in overruling appellant's motion for a continuance because of the absence of certain witnesses. Without going into the question at length, it is sufficient to say that the materiality of the alleged absent testimony does not sufficiently appear.

[2] Appellant made a motion to quash the venire upon the ground that only 30 of the 60 veniremen were in attendance upon the court, and that only 8 of them had been excused by the attorneys, and that no excuse was shown for the nonattendance of the others. We find no bill of exceptions in the record to the overruling of this motion. There also appears the fact that when said motion was presented on March 26, 1921, the trial court postponed the hearing until March 28th, at which time the order overruling appellant's motion was entered, and we presume, in the absence of further complaint of appellant, that at said last-named date the absent veniremen were present, or their absence satisfactorily accounted for.

[3] We do not think error appears in the refusal of the trial court to allow appellant to ask prosecutrix if on one occasion, when she and appellant, accompanied by another couple were out, if she did not know that the other couple had carnal knowledge of each other. Such testimony would not shed any legitimate light on the question of whether prosecutrix was of previous chaste character. Character cannot be affected by proof of the bad or good character of one's associates. Holsey v. State, 24 Tex. App. 35, 5 S. W. 523.

The court below committed no error in overruling appellant's objection to all evidence as to the age of prosecutrix. Such fact was material and not necessary to be more specifically alleged than that she was under eighteen years of age.

[4] Appellant swore that prosecutrix told him that she was over eighteen years of age. She denied this and testified that she was only fifteen at the time of the alleged rape. In its rebuttal evidence the state was allowed to introduce an entrance card filled out and signed by prosecutrix when she entered the summer term of school on June 7, 1920, a short time prior to the alleged rape. This would seem admissible under the well-

settled rule that one whose statement about a matter while on the witness stand, is attacked by proof of contradictory statements, may be sustained by proof of prior similar statements. Branch's Ann. P. C. p. 110, for collation of authorities. The card so objected to showed that prosecutrix had thereon stated her age on June 7, 1920, as being fifteen.

[5] While W. A. Martin was on the witness stand he was asked the following question, referring to prosecutrix: "Do you know her general reputation among the people who she associated with, their character?" The state's objection to said question was sustained. This was proper. The question was clearly too indefinite and was directed at no particular kind or character of reputation. In Norman v. State 89 Tex. Cr. R. 330, 230 S. W. 991, we held that unchaste character was provable in a case like this, only by evidence of specific acts.

[6] The state introduced a letter written by appellant to prosecutrix. Claiming that the state was in possession of other letters written by him to the young woman, appellant sought to compel the state to produce them for his inspection. The letters had been brought to court in response to a subpœna duces tecum. They should have been produced. They were not properly turned over to the state's' attorney. We know of no rule which would have justified the trial court in refusing this demand, and its refusal was error. If upon inspection there were found in said letters matters upon the same subject as the one introduced by the state, it would have been admissible under article 811, Vernon's C. C. P.

The trial court told the jury that if they found from the evidence that at the time of the alleged rape, prosecutrix was not of previous chaste character they should acquit. The court then proceeded to give to the jury a definition of what is meant by "previous chaste character," which is as follows:

"By the term 'previous chaste character' referring to the prosecutrix in this case, is meant, that character of a woman who possesses actual virtue, and you are instructed that a woman possesses actual virtue until she has had sexual intercourse by her own consent with a man not her husband, and in this case if you find and believe from the evidence that Euleta Croft had had sexual intercourse by her own consent with any other man or men previous to the time she had sexual intercourse with the defendant, you will acquit the defendant and say by your verdict not guilty."

By bill of exceptions duly approved by the court it is shown that appellant excepted to such definition and its application as improper under the facts of this case, in that it appeared from the evidence that at a prior time and place to that submitted in the charge to the jury appellant and prosecutrix had had intercourse with each other; that appellant asked a special charge defining unchaste character, which required the jury to believe that the female possessed actual virtue at the time of the act with the accused charged herein, which was refused. Referring to the facts in the instant case, it appeared from the testimony of prosecutrix herself that her first act of intercourse with appellant was at his garage in the town of Denton. She further testified that on another occasion later they had intercourse in a pasture west of said town. In his charge to the jury the court restricted their consideration of defendant's guilt to the act in the pasture. Was prosecutrix a chaste woman at the time of this act in said pasture? She was not, if her own evidence be believed. Would her prior act or acts of intercourse with appellant render her unchaste within the meaning of the law now under consideration? This question has not been decided in this state, but in State v. Dacke, 59 Wash. 238, 109 Pac. 1050, 30 L. R. A. (N. S.) 173, this question was the point at issue and was decided adversely to the state by the Supreme Court of Washington. Bailey v. State, 57 Neb. 706, 78 N. W. 284, 73 Am. St. Rep. 540, was therein cited as directly in point and many other authorities as analogous. From the opinion in the Dacke Case we quote:

"The term 'of previously chaste character' means the same in law as in morals. It describes a condition of sexual purity. It means a female who has never submitted herself to the sexual embrace of man, and who still retains her virginal chastity. It is defined as 'chaste in fact when seduced,' in Hussey v. State, 86 Ala. 34, 5 So. 484; as 'actual personal virtue,' in State v. Patterson, 88 Mo. 88, 57 Am. Rep. 374; Lyons v. State, 52 Ind. 426, 1 Am. Crim. Rep. 28; Kenyon v. People, 26 N. Y. 203, 84 Am. Dec. 177. 'A chaste female is one that has never had sexual intercourse, who yet retains her virginity. A virtuous female is one who has not had sexual intercourse unlawfully, out of wedlock, knowingly and voluntarily.' Marshall v. Territory, 2 Okl. Crim. Rep. 136, 101 Pac. 139. Whatever may be the language which one may choose to define a female of previously chaste character, it certainly cannot be contended that one who, moved by lewd desire and libidinous impulse, submits herself to the carnal embrace of a man from November to July whenever the time and place are opportune, is a female of such a character on the 30th day of June.

"It is argued by the state that, as to the appellant, the prosecutrix is exempt from this requirement of the law; that, being the author of her undoing, he cannot take advantage of his own wrong and hide himself under the cloak of this statutory requirement, as a shield for his protection. Such an argument is purely a sentimental one, and, although it may be ab-

horrent to the moral sense to permit a man to protect himself with the shield of his own wrong, we are dealing with a legal question, and not one of sentiment nor morals; and, in order to find a man guilty of such an offense as the one named in this information, we must first find a female who can in all its essentials measure up to the requirement of the law charged to be violated. The test of virtue in a woman is a personal and physical test, and when, by reason of her voluntary sin, she has lost her virginal purity, it matters not who contributed to that loss; she is no longer chaste. It is not a sound argument to say that the prosecutrix in this case was immune from rape as to all other men, but not from appellant. The statute makes no such distinction; neither can we. As is said in Shirwin v. People, 69 Ill. 55, 1 Am. Crim. Rep. 650: 'The right of the accused to defend must be as broad as that of the prosecution to criminate.' Such we believe to be the reasoning of the law. Its authority will be found in similar cases to which we will now refer.

"In People v. Clark, 33 Mich. 112, 1 Am. Crim. Rep. 660, the defendant was charged with seduction on July 28th. The complaining witness testified that the first offense was committed on that day. She then gave evidence of similar offenses committed in the month of August, one of which latter offenses was elected by the prosecution to go to the jury. The court held a conviction upon the latter act could not be sustained, and said: 'The object of this statute was not to punish illicit cohabitation. Its object was to punish the seducer.' The court then holds there could be no seduction in August, even though made under a promise of marriage, when the evidence showed prior acts. The complaining witness having already fallen in July, there was in August no virtue to seduce. So in People v. Squires, 49 Mich. 487, 13 N. W. 828, defendant was charged with seduction in September. The proof showed the first act of intercourse between the parties long prior to that. Held, complaining witness was unchaste in September, and could not then be seduced. In Bailey v. State, 57 Neb. 706, 73 Am. St. Rep. 540, 78 N. W. 284, 11 Am. Crim. Rep. 660, the defendant was convicted of rape under a statute very similar to ours. The act charged was on June 13th. The evidence disclosed that the first act of intercourse between defendant and prosecutrix took place in Iowa the previous March. The court held that the conviction could not be sustained, as the prosecuting witness was not previously chaste in June, and said: 'The fact that she was first deprived of her virginity by the prisoner does not strengthen the state's case. * * * To sustain a conviction under it, the evidence must show beyond a reasonable doubt, among other things, that the female with whom the sexual intercourse was had was, prior to that intercourse, sexually pure—chaste as Diana.' The court then takes up the argument here made that defendant could not take advantage of his own wrong, and holds that the state in criminal prosecutions cannot invoke the doctrine of estoppel against a defendant; that it is not enough to show a violation of the spirit of the statute; but that its very letter must be offended against. In State v. Patter-

son, supra, the court says: 'Evidence of prior specific acts of unchastity with the defendant himself is now universally received, as well in cases of seduction as in cases of rape. What for? To show that in the latter class of cases there was less likelihood of absence of consent, and that in the former, in consequence of a prior act of the defendant, there was no chastity left to seduce. Can it be material by whom the prior act is performed, whether by the defendant or whether by any one else?' In People v. Nelson, 153 N. Y. 90, 60 Am. St. Rep. 592, 46 N. E. 1040, the defendant was charged with seduction upon a 'female of previous chaste character.' Many acts of intercourse between the parties were testified to, occurring prior to the offense charged in the indictment. Held, that the conviction could not be sustained, upon the ground that, having indulged in frequent sexual intercourse with the defendant, the complaining witness was on the day charged not an unmarried female of previously chaste character. In Carpenter v. People, 8 Barb. 603, the act charged was abduction, under a statute describing the female as one 'of previous chaste character.' The time fixed was June, 1849. Evidence was given of an act of intercourse in 1846. The court held the female was not of previously chaste character, and said: 'The word "previous" in this connection must be understood to mean immediately previous, or to refer to a period terminating immediately previous to the commencement of the guilty conduct of the defendant.'

"So in the case before us the use of those words in the information meant the time just preceding the commission of the crime charged, June 30th. By her own evidence the prosecutrix was not then a female child of previously chaste character. Neither was she on June 8th, when the law went into effect. She was not then within the description of the statute, and therefore not within its protection; and the motion of the defendant for a directed verdict should have been granted."

The reasoning of the court in said case seems to us unanswerable.

For the error of the trial court in its definition of previous chaste character and the application thereof and in submitting an erroneous charge upon said question, and also for its refusal of a special charge substantially presenting the matter correctly and for the other error mentioned, the judgment of the trial court will have to be reversed, and the cause remanded, which is accordingly so ordered.

### On Motion for Rehearing.

HAWKINS, J. [7] The state has filed a motion for rehearing in which it is urgently insisted that our original opinion is wrong where we held that, if prosecutrix had engaged in an act of intercourse with appellant at a time prior to the act elected by the state upon which to seek conviction, she was not of "previous chaste character."

The argument advanced that a man who

had brought about the defilement of a virtuous girl should not be permitted to hide behind his own wrong appeals very strongly to us as individuals, as it naturally does to any man who has at heart the preservation of the purity of womanhood, and the punishment for its violation. But if we surrendered to our feelings, following the promptings of desire, and changed our former ruling, we cannot see it otherwise than that we would be arrogating to ourselves legislative functions, and in effect, by judicial construction, write into the law something which might with propriety have been incorporated by the Legislature, but was omitted by it.

The last sentence of article 1063, P. C., defining rape, as amended at the Fourth called session of the Thirty-Fifth Legislature (Acts 35th Leg. [1918] c. 50), reads as follows:

"Provided, that if the woman is fifteen years of age or over, the defendant may show in consent cases, she was not of previous chaste character as a defense."

It seems to us that any other conclusion than heretofore announced would be to read into the law by judicial construction a further proviso "that such defense should not be available to an accused if he was the author of the woman's unchastity." Sentiment and reverence for virtue has a strong impelling force in that direction, but recognition of our duty to declare the law as written, rather than as we might wish it to be, draws the other way.

The Legislature uses the words "previous chaste character." When we determine at what time an unmarried woman becomes "unchaste" then the controlling question in this case is settled. The word "chaste" is supposed to have been used by the Legislature in its ordinary meaning. It is not necessary to go to the text-writers and decisions of the courts to determine what the usual and ordinary meaning of "sexual purity" is. But, if we go to the decisions, our own court has settled it in construing the very statute now under consideration. In Norman v. State, 89 Tex. Cr. R. 330, 230 S. W. 991, it is said:

"A chaste woman, within the meaning of the law as applied to an unmarried woman, signifies one who has had no carnal knowledge of men. Cyc. of Law and Proc. vol. 6, p. 978; Words and Phrases, Second Series, vol. 1, p. 652; State v. Kelley, 90 S. W. Rep. 834, 191 Mo. 680; Kerr v. U. S., 104 S. W. 809; Marshall v. Territory, 101 Pacific, 139."

Being convinced that our original opinion properly construed the law as we find it written in our Code, the motion for rehearing is overruled.