The State has filed a motion for rehearing in which it is urgently insisted that our original opinion is wrong where we held that if prosecutrix had engaged in an act of intercourse with appellant at a time prior to the act elected by the State upon which to seek conviction, she was not of "previous chaste character." *Page 150 
The argument advanced that a man who had brought about the defilement of a virtuous girl should not be permitted to hide behind his own wrong appeals very strongly to us as individuals, as it naturally does to any man who has at heart the preservation of the purity of womanhood, and the punishment for its violation. But if we surrendered to our feelings, following the promptings of desire, and changed our former ruling, we cannot see it otherwise than that we would be arrogating to ourselves legislative functions, and in effect, by judicial construction, write into the law something which might with propriety have been incorporated by the Legislature but was omitted by it.
The last sentence of Art. 1063, P.C. defining rape, as amended at the 4th Called Session of the 35th Legislature reads as follows:
"Provided, that if the woman is fifteen years of age or over, the defendant may show in consent cases, she was not of previous chaste character as a defense."
It seems to us that any other conclusion than heretofore announced would be to read into the law by judicial construction a further proviso, "that such defense should not be available to an accused if he was the author of the woman's unchastity." Sentiment and reverence for virtue has a strong impelling force in that direction, but recognition of our duty to declare the law as written, rather than as we might wish it to be draws the other way.
The Legislature uses the words "previous chaste character." When we determine at what time an unmarried woman becomes "unchaste" then the controlling question in this case is settled. The word "chaste" is supposed to have been used by the Legislature in its ordinary meaning. It is not necessary to go to the text writers and decisions of the courts to determine what the usual and ordinary meaning is. "Sexual purity" is one of the definitions given in many of the dictionaries. But if we go to the decisions our own court has settled it in construing the very statute now under consideration. In Norman v. State,89 Tex. Crim. 330, 230 S.W. Rep., 991, it is said: "A chaste woman, within the meaning of the law as applied to an unmarried woman signifies one who has had no carnal knowledge of men. Cyc. of Law and Proc. Vol. 6, page 978; Words and Phrases, 2nd Series, Vol. 1, page 652; State v. Kelley, 90 S.W. Rep., 834; 191 Mo., 680; Kerr v. U.S., 104 S.W. 809; Marshall v. Territory, 101 Pacific, 139.
Being convinced that our original opinion properly construed the law as we find it written in our Code, the motion for rehearing is overruled.
Overruled. *Page 151