GEORGE SANFORD v. THE STATE.

No. 8233. Decided January 23, 1924.

Rape—Charge of Court—Previous Acts of Carnal Intercourse—Insufficiency of the Evidence.

Where, upon trial of rape, the court instructed the jury that if prosecutrix was not a chaste female at the time of the offense, or if the jury entertained a reasonable doubt upon the subject an acquittal should result, all of which was applicable to the facts; this left the matter of her opposition upon a very slender and doubtful footing, so that when viewed in the light of the other evidence in the record this court is unable to sanction the finding that there was no reasonable doubt of her non-consent, she being over fifteen years of age. If the charge were incest supported by corroborative testimony the case might have a different status.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of rape upon a female under the age of eighteen; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*T. H. Postell,* for appellant.—Cited Moore v. State, 20 Texas Crim. App., 275; Jefferson v. State, 214 S. W. Rep., 981.

On question of chastity: Norman v. State, 230 S. W. Rep., 991, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

It is charged in the indictment that the appellant "did then and there unlawfully have carnal knowledge of Vera Sanford, a female, then and there under the age of eighteen years, and then and there not being the wife of the said George Sanford." There is no averment of force.

The State relied upon the occurrence taking place on the 18th day of February, 1922. The prosecutrix testified that on that occasion she and her father and her two brothers went part of the way to church in a buggy in which there was but one seat; that at the suggestion of the father, the two brothers (who were about grown) got out of the buggy and walked across the field, which made the distance nearer to the church. Her father, after driving the buggy for some distance, stopped at the side of the road. He and she got out of the buggy and engaged in the act of intercourse, after which they got back into the buggy and went to church, and after the meeting returning home. The prosecutrix testified that similar relations had been had with the appellant for a period of about four years. At the date of the present offense, she was something over sixteen years of age. She had lived in the family with her father, mother and brothers, and no complaint had ever been made of the conduct of the appellant. She said that she had protested and did so upon the occasion in question, but that he said it was his only means of enjoyment and upon that degree of persuasion she engaged in the act. Some weeks after the offense was committed, she married, and a short time thereafter disclosed the purported facts to her husband. There was direct evidence that she had had intercourse with others, and also some corroborative circumstances. This was controverted by her testimony. The appellant testified denying the occurrence and denied any improper relations with her. Touching the particular occasion upon which the conviction rests, the two brothers who, according to the prosecutrix, rode with her and the appellant in the buggy before the offense was committed, both testified, contradicting her. Her mother also gave evidence contradicting the prosecutrix and supporting the theory of alibi.

The court instructed the jury that for the purpose of the case, rape was the carnal knowledge of a female under the age of eighteen years other than the wife of the defendant and with or without her consent and with or without force, threats, or fraud.

An instruction was given that if she was not a chaste female at the time of the offense, or if the jury entertained a reasonable doubt upon the subject, an acquittal should result. The court defined a chaste woman as one who had not had sexual intercourse knowingly and voluntarily with men. The court proceeded upon the theory that the previous acts of carnal knowledge of the prosecutrix with the appellant did not render her unchaste for the reason that they were not voluntary. It is true that she testified that she did not consent. She testified affirmatively that her father exercised no physical force upon her, and that she made no protest at the time her brothers (according to the testimony) were requested to get out of the buggy, notwithstanding she knew the purpose of her father. she made no outcry on the present occasion or upon any other occasion. She did not disclose the facts to her mother. This leaves the matter of her opposition upon a very slender and doubtful footing; so doubtful, in fact, that when viewed in the light of the other evidence revealed by the record, we are unable to sanction the finding that there was no reasonable doubt of her non-consent. See Underhill's Crim. Evidence, 3rd Ed., Sec. 620. In the absence of such finding, the evidence will not support the verdict for the reason that if the previous carnal knowledge of the appellant was not without the consent of the prosecutrix, she was not of chaste character, and being of unchaste character and over fifteen years of age, she was not subject of the kind of rape of which the appellant is charged..

The State's Attorney, recognizing this and pointing to Cloninger v. State, 91 Texas Crim. Rep., 143, 237 S. W. Rep., 289, and Lyons v. State, 94 Texas Crim. Rep., 566, 252 S. W. Rep., 518, concedes that the evidence is not sufficient to support the verdict. If the charge were incest, supported by corroborative testimony, the case might have a different status.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*