## MARCELLUS PENTON v. THE STATE.

### No. 1621. Decided June 26, 1912.

**1.—Murder—Charge of Court—Aggravated Assault—Instrument Used.**

Where, upon trial of murder, the defendant had been found guilty of manslaughter and a new trial was granted, and he was again tried for manslaughter, and the evidence showed that he killed deceased with an axe and pleaded self-defense, there was no error in the court's failure to charge on aggravated assault.

**2.—Same—Evidence—Declarations of Third Parties.**

Where, upon trial of manslaughter, there was no suggestion that anyone else was engaged in the difficulty other than defendant and deceased, a remark made by some one to the effect that if he had been given the pistol he would have gotten him, made subsequent to the difficulty, was inadmissible.

**3.—Same—Charge of Court—Self-Defense—Conjunctive.**

Where the court in his charge on self-defense instructed the jury that if deceased had done some act which alone or by words accompanying the act, etc., the complaint that the court had used the conjunctive was untenable; besides the court submitted the requested charges and there was no error.

**4.—Same—Charge of Court—Motive.**

Where the court upon the request of the defendant limited the purpose of the testimony with reference to the motive of the killing, there was no error in refusing additional instructions thereon.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of manslaughter, on an indictment for murder, the evidence sustained the conviction of manslaughter, under a proper charge of the court, there was no error.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—On question of court's failure to charge on aggravated assault: Thompson v. State, 24 Texas Crim. App., 283; Fitch v. State, 37 Texas Crim. Rep., 500; Johnson v. State, 60 S. W. Rep., 48; Danforth v. State, 69 S. W. Rep., 159; McGill v. State, 132 S. W. Rep., 941.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted for murder, but having been tried once before and found guilty of manslaughter only, on this trial the court submitted only the issue of manslaughter, and he was found guilty, and his punishment assessed at three years confinement in the penitentiary.

The first ground in the motion complains that the court erred in failing to charge on aggravated assault, as the instrument with which deceased was killed was an axe. Every case must be decided on the facts of that case, and under the evidence we do not think it called for a charge on aggravated assault. Charlie Sims testified that deceased's wife came running in the room exclaiming: "Lordy! them men stood out there and let that man kill my husband," when he went out by the fire, and when he got there deceased was lying on the ground on his face, and defendant was standing over him with an axe in his hand, and just as he ran up, defendant struck deceased in the

head, exclaiming, "Damn you, I will kill you and pay for it." Deceased's brains were running out of his head. Defendant testified that he picked up an axe and struck deceased with it; that he struck him three times, knocking deceased down at the first blow. His testimony would present a case of self-defense, but he testifies to no fact or circumstance that would indicate he did not intend to kill deceased when he struck the blows with the axe, and under such circumstances a charge on aggravated assault was not called for, and it was not necessary for the court to define or give the meaning of the words "deadly weapon."

The only bill of exceptions in the record complains that while J. E. Lyles was testifying, appellant proposed to prove by him that he got to the body a few minutes after the killing and heard someone say: "If you had let me have the pistol I could have gotten him." Defendant had fled at this time, and deceased was lying on the ground dead. So neither one of them could have used the language. The witness would have also testified he did not know who used the language. As there is no suggestion in the record that anyone else was engaged in the difficulty other than defendant and deceased, and this remark was made by someone else subsequent to the difficulty, there was no error in the ruling of the court.

The charge on self-defense did not shift the burden of proof, and neither did it submit the grounds of self-defense in the conjunctive. The court charged the jury: "If deceased had done some act, which alone, or by words accompanying the act," etc. The word "or" is used where "and" is used in the authorities cited by appellant as sustaining his contention. Three of the special charges requested by appellant were given, and these in connection with the court's main charge presented every phase of self-defense raised by the evidence, and if there had been any slight error in the court's charge on self-defense, the special charges given would and did cure it.

The testimony of the witnesses Charlie Sims, Cappie Sims, and Mollie Fisher as to the difficulty in the house between appellant and deceased, went in without objection, and the refusal of special charge No. 2 presents no error. The evidence was admissible as tending to show the motive for the killing, and the court in special charge No. 1 given at appellant's request, properly limited the purpose of the testimony, and it was unnecessary to give any additional instruction in regard thereto.

The evidence is conflicting as to defendant's right of self-defense on the occasion, but the great weight of the testimony seems to be there was no shooting until after deceased had been stricken down, and this issue, as raised by the testimony, was fairly and fully submitted by the court in his charge and the special charges given.

The judgment is affirmed.

*Affirmed.*