MORROW, Presiding Judge.
 

 Transporting intoxicating liquor is the offense; punishment fixed at confinement for a peroid of five years.
 

 The evidence shows without controversy that the appellant was transporting a number of quarts of whiskey in an automobile bearing a Louisiana number, which car was near the border and going in the direction of Louisiana.
 

 Appellant testified that he had been given some money by a druggist sent the appellant for some whisky to be used in the druggist who ran a drug store near Lafayette, Louisana; that the drug store for medicinal purposes; that he obtained the whiskey from a ship at Sabine, Texas; and that at the time of his arrest, he was taking the whiskey to the druggist for he purpose stated.
 

 The court instructed the jury that it was unlawful to transport whiskey but that it was not unlawful to transport' it for medicinal purposes, “but the burden rests upon the defendant to prove that he was carrying it for medicinal purposes.”
 

 Exceptions were addressed to the court’s charge in due time, in one of which the complaint was made of the failure of the court, in connection with the charge submitting the matter to the jury for finding, to tell them that if the liquor was transported for medicinal purposes, or if they had a reasonable doubt as to whether the appellant was transporting whiskey for medicinal purposes, they would acquit him.
 

 Objection was also urged against the charge because it failed to instruct the jury upon the appellant’s affirmative defensive theory, namely, that he was transporting the whiskey for medicinal purposes. Taken as a whole, we think the charge is somewhat confusing. His defense should have. been submitted in an affirmative manner. Clevenger v. State, 96 Texas Crim. Rep. 23 and cases cited. The burden did not rest upon the appellant to prove his innocence. He
 
 *697
 
 was entitled to an acquittal if from any source there was evidence in the record which left in the minds of the jury a reasonable doubt as to whether he was transporting the liquor for medicinal purposes. This principle of law, couched in appropriate language, should have been given in the charge to the jury. Jones v. State, 257 S. W. Re. 895, and cases there cited.
 

 State’s counsel concedes the charge to be faulty in the particulars mentioned.
 

 For the reason stated, the judgment is reversed and the cause remanded.
 

 Reversed and remanded.