ANTONIO GARCIA v. THE STATE.

No. 9136. Delivered October 7, 1925.

**Murder—Charge of Court—Reasonable Doubt—Affirmative Defense.**

Where, on a trial for murder, in submitting affirmatively appellant's defense of communicated threats, raised by the evidence, the main charge failing to submit in connection therewith the doctrine of reasonable doubt, and in refusing a requested charge embracing this issue, the trial court committed an error, which necessitates the reversal of the case. Following Shamberger v. State, 24 Tex. Crim. App. 627; Johnson v. State, 29 Tex. Crim. App. 153, and numerous recent cases cited.

Appeal from the District Court of Jefferson county. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of murder; penalty ten years in the penitentiary.

The opinion states the case.

*Howth, Adams & Hart,* and *John T. Kitching,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Jefferson county for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of ten years.

The State's testimony taken alone is entirely sufficient to show that the appellant is guilty of the offense of murder.

The appellant's testimony clearly raised the issue of self defense and entitled the appellant to a charge on that issue as well as a charge on the issue of communicated threats in connection therewith. The question of self-defense and communicated threats were both cogently and clearly presented by the evidence. That there is no question about this is manifested by the fact that the court clearly recognized this and gave the following charge on the question of self-defense growing out of communicated threats:

"If you believe from the evidence in this case that the deceased did make such threats against the life of the defendant, or that de-

fendant had been told that deceased had made such threats, and defendant at the time believed his informant of such fact, and it reasonably appeared to the defendant, at the time of the killing, that deceased made such an act or demonstration as reasonably produced in the mind of the defendant a belief that deceased then and there intended and was about to put such threats into execution, you will acquit the defendant; and if he at the time of the killing, did reasonably believe from some act or demonstration, then and there made by the deceased, judging from his own standpoint, that the deceased then and there intended to kill the defendant, or do him some serious bodily harm, then you should acquit the defendant.''

Appellant leveled pertinent and proper objections at the foregoing charge because the same does not apply the doctrine of reasonable doubt in submitting appellant's affirmative defense and does not instruct the jury that if there is a reasonable doubt in their minds as to whether such facts existed, then they must give the benefit of the doubt to the defendant and acquit him. His objections to the court's charge being overruled, the appellant presented a special charge pertinently applying the doctrine of reasonable doubt to the affirmative defense offered by the appellant and the court failed and refused to give such special charge. The charge as given by the court required the jury to find or believe the defensive theory before they could acquit the defendant and nowhere charged in connection therewith the doctrine of reasonable doubt, and in failing to do so we think that error was committed. Shamberger v. State, 24 Tex. Crim. App. 627, 6 S. W. 540. Johnson v. State, 29 Tex. Crim. App. 153, 15 S. W., 647.

We think the facts in this case bring it clearly within the rule announced in the Johnson case which we quote as follows:

''We think the paragraph is subject to the exception that it requires the jury to believe from the evidence the existence of the conditions which entitled him to acquittal. It virtually requires the jury to believe from the evidence that he is innocent before finding him not guilty, whereas the correct rule is that the jury must presume his innocence until his guilt has been established by the evidence beyond a reasonable doubt. It the jury entertained a reasonable doubt upon the whole evidence of the defendant's guilt, it was their duty to acquit him, although they might not believe from the evidence the existence of the facts and conditions, or any of them, mentioned in said paragraph. It is true that in concluding his charge the learned judge gave the usual instruction as to the presumption of innocence and as to reasonable doubt, and ordinarily such instruction is sufficient, but in this case we do not think it was sufficient to correct and counteract the error in paragraph five.''

The rule as above stated has been approved by this court in the following recent cases:

> Goforth v. State, 241 S. W., 1027.
> Clevenger v. State, 255 S. W., 622.
> Jones v. State, 257 S. W., 695.
> Taylor v. State, 268 S. W., 754.
> Garcia v. State, in an opinion delivered June 10, 1925, and not yet reported.

The other questions raised by appellant pertain to the argument of the district attorney and to the question of misconduct of the jury. these matters will not likely occur on another trial of the case.

For the error in the court's charge above discussed, it is our opinion that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.