### C. Tucker v. The State.

No. 9731.    Delivered February 10, 1926.

Rehearing Denied State, April 7, 1926.

**1.—Transporting Intoxicating Liquor—Charge of Court—Defensive Theory —Improperly Omitted.**

Where, on a trial for transporting intoxicating liquor, appellant's defense being that he carried a grip belonging to one Axton to an automobile in which he was riding, driven by one Brown, it was error for the trial court to fail to affirmatively submit the defense in connection with

the reasonable doubt. The question here presented was decided in accordance with appellant's contentions in the case of Jones v. State, 257 S. W. 895; Garcia v. State, 273 S. W. 856. Also See Carrier v. State, 271 S. W. 383.

### 2.—Same—Charge of Court—On Prima Facie Evidence—Objectionable.

Where the court charged the jury that the possession of more than a quart of whisky is prima facie evidence that the whisky was for the purpose of sale but that this presumption can be met and destroyed by evidence that there was no such purpose, this charge is objectionable in the use of the word "destroyed." A correct charge on this statute has been fully expressed in the cases of Stoneham v. State, 226 S. W. 156; Newton v. State, 267 S. W. 272, and Caldwell v. State, 273 S. W. 608.

#### ON REHEARING.

### 3.—Same—Charge of Court—On Affirmative Defense—Rule Stated.

The state in a motion for rehearing very ably insists that we were in error in our original opinion in passing on the court's submission of appellant's defensive theory in connection with reasonable doubt, and cites several cases in support of this contention. There is a distinction that can be drawn between cases cited by the state, and the case now before us, in the application of the principle involved. Unless a specific objection is made to the court's failure to embrace the law of reasonable doubt in the affirmative submission of the defensive theory, the general charge on reasonable doubt would be sufficient.

### 4.—Same—Continued.

The correct rule is stated in the original opinion in the case of Regittano v. State, 96 Tex. Crim. Rep. 489, as follows: "It is believed, however, that where, as in the instant case, the defensive theory is an affirmative one, that is, where the connection of the accused with the homicide is conceded, and justified by affirmative testimony given by the accused, when the matter is properly presented in the trial court, there should be embodied in the charge, submitting his defense, the information to the jury that if they believe the affirmative defensive facts or have a reasonable doubt of their truth, an acquittal should result. Also see Johnson v. State, 29 Tex. Crim. App. 150 and Powell v. State, 28 Tex. Crim. App. 398.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Heidingsfelder, Kahn & Branch* of Houston, for appellant.

*Horace Soule,* Criminal District Attorney; *J. L. Du Mars,* Assistant District Attorney; *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful transportation of liquor and the punishment is two years in the penitentiary.

The testimony is undisputed that appellant carried two suitcases containing whiskey from a train to an automobile thirty-four steps away and his defense was that at the time he transported said suitcases he did not know that they contained whiskey. In support of his defensive theory, the appellant testified positively that he didn't know that there was any whiskey in the baggage, never had any idea or thought that Brown, the party with whom he was driving in the automobile, was going up there to get whiskey off of the train and that he had no interest in any whiskey, did not go there with any intention of aiding Brown or anyone else in getting whiskey. He further testified that if there was any whiskey on the automobile seat he did not know anything about it, that it was not his whiskey, that he didn't take any whiskey on the way out there and didn't drink any whiskey.

In an attempt to present appellant's theory of the case, the learned trial judge charged the jury as follows:

"You are further instructed that if C. Tucker transported or assisted in the transportation of the whiskey introduced in evidence without knowledge on his part of the contents of the suitcases and handbags, then in so far as he is concerned, it would not be an unlawful transportation and if he unwittingly assisted in the transportation without knowing the contents thereof, then the possession of the liquor was in B. B. Axton and not Tucker and no presumption of the law would arise as against the said Tucker."

The defendant objected to the manner of the court's presentation of his defense and suggested in his objections that the court should charge the jury that if the defendant carried the suitcases from or about the train to the automobile that before he could be convicted that the jury must believe beyond a reasonable doubt that he knew that they contained whiskey, and if upon this point they had a reasonable doubt they should acquit the defendant. This was the only affirmative presentation of the theory of the defense and the charge was further objected to because nowhere in the same is the reasonable doubt given in connection with such defensive theory. The question here presented was decided in accordance with the appellant's contention in the cases of Jones v. State, 257 S. W. 895, Garcia v. State, 273 S. W. 856. The principle involved in those cases is identical with that in the instant case. Also see Carrier v. State, 271 S. W., 383.

Appellant objected because the court instructed the jury that the possession of more than a quart of whiskey is prima facie

evidence that the whiskey was for the purpose of sale but this presumption can be met and destroyed by evidence that there was no such purpose.   Appellant specially criticizes the use of the word destroy in connection above used.   While not a great deal of importance is attached to this, it might be objectionable.   The views of this court as to a correct charge on this statute have been fully expressed in the following cases: Stoneham v. State, 268 S. W. 156; Newton v. State, 267 S. W. 272; Caldwell v. State, 273 S. W. 608.   In view of another trial we think it proper to say that the language of the statute itself is appropriate in submitting this matter.

For the errors above mentioned, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State insists that in failing to couple the law of reasonable doubt with the appellant's affirmative defense the trial court committed no error.   The district attorney has prepared a motion, displaying research and ability, in which many precedents are cited and discussed, including Powell v. State, 13 S. W. 599, 28 Texas Crim. App. 398; Johnson v. State, 15 S. W. 647, 29 Texas Crim. App. 150. Touching these cases and others following them, the writer has expressed his views in some detail in the case of Regittano v. State, 96 Texas Crim. Rep. 479.   As stated in that case, the apparent lack of harmony in Powell's case and Johnson's case, supra, both of which were written by the same judge, is reviewed at some length and reference made to many subsequent decisions of this court.   The Regittano case, while first reversed, was ultimately affirmed.   The affirmance, however, was based upon the failure of the bill of exceptions to show that proper objections had been made to the omission in the charge.   From the original opinion in that case we take the following quotation:

"The law requiring a charge on the presumption of innocence and reasonable doubt is generally satisfied when the doctrine is applied by a charge referring to the whole case, that is, referring to the general issue of guilty or not guilty.   *   *   *   It

has been held that it is not required that it shall be charged in every case with regard to each affirmative independent defense. * * * It is believed, however, that where, as in the instant case, the defensive theory is an affirmative one, that is, where the connection of the accused with the homicide is conceded and justified by affirmative testimony given by the accused, when the matter is properly presented in the trial court, there should be embodied in the charge submitting his defense the information to the jury that if they believe the affirmative defensive facts or have a reasonable doubt of their truth, an acquittal should result."

From the opinion on motion for rehearing the following quotation is taken:

"No exception having been taken, we need not further discuss the proposition that appellant's rights were fully protected by the general charge on reasonable doubt and the other references thereto, in said charge above mentioned."

In the present case, it is the sufficiency of the charge as against proper exception that is at issue. According to the State's testimony, upon the stopping of a train at a station, certain suit cases were put off of the train. Appellant and others who were nearby picked up the suit cases and carried them some thirty steps to an automobile. Appellant testified that he and some ladies became the guests of one Brown, who had an automobile in which they were taken out for a ride. During the ride they came to the station of Huffman, Brown stating that he was going to meet a traveling man and take him to Humble. The automobile stopped at Huffman, the train arrived, a man got off and said to the parties in the automobile: "Come over here and help us bring the baggage over." Responding to this request, and with no knowledge of the contents of the package, he assisted in conveying it to the automobile. It was later discovered that there was intoxicating liquor in the suit cases. Appellant declared in his testimony that he had no interest in the whiskey and no knowledge or intimation that the suit cases contained whiskey. It is clear that the appellant was connected with the criminal transaction. He admitted it, but gave affirmative testimony explaining it, which, if true, might have been regarded by the jury as sufficient to exculpate him. He, like other persons accused of crime, was within the purview of the statute which declares that in a criminal case the defendant is presumed to be innocent until his guilt is established by legal evidence. This presumption is as much a part of the law of the land as that upon which the prosecu-

tion is founded. The jury in the present case knew that the appellant had carried the liquor. Upon the appellant's exception and request, they should have been specifically told that if he carried it in ignorance of its presence or if they entertained a reasonable doubt as to his knowledge of its presence, he should be acquitted. The facts of the case, in our judgment, bring it within the rule in Johnson's case, supra; also Regittano's case, supra, and other cases therein cited, and cited in the original opinion.

The motion for rehearing is overruled.

*Overruled.*