## O. G. HATHCOCK V. THE STATE.

No. 9358.   Delivered March 17th, 1926.

**1.—Murder—Evidence—Res Gestae—Properly Admitted.**

Where on a trial for murder, the evidence disclosed a physical encounter between deceased and appellant, and while appellant was following and cutting deceased with a knife, a bystander near him exclaimed, "Cut his God damned head off," or words to that effect, there was no error, under the facts in this case in admitting such testimony, both on the grounds that it was res gestae, and also under the law of co-principals.

**2.—Same—Charge of Court—On Manslaughter—Erroneously Refused.**

Where on a trial for murder, the evidence raised the issue that the deceased assaulted and knocked appellant down with his fist, and thereupon appellant attacked and killed the deceased with a knife, a charge on manslaughter should have been given based upon excessive force in repelling the attack made upon appellant by deceased with his fist.

**3.—Same—Charge of Court—Limiting Self Defense—Error.**

Where the court in his charge limited the right of the appellant to defend against a fear of death, or serious bodily injury, and failed to instruct the jury that he would have the right to defend himself against the deceased for a less attack, and to use only such force as reasonably appeared necessary, such charge was error.  Following Holcomb v. State, 265 S. W. 1039 and other cases cited.

**4.—Same—Charge of Court—Applying Reasonable Doubt—Rule Stated.**

In submitting affirmatively defendant's defensive theory, as raised by the evidence, it is better practice to always couple with such submission the reasonable doubt as well, or charge the law generally thereon.  Otherwise the jury might be warranted in believing that the court intended that the burden was on the defendant to prove his defense.  For the well defined rule on this proposition see opinion of Presiding Judge Morrow in the case of Regittano v. State, 257 S. W. 906.

Appeal from the District Court of Bell County.   Tried before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

This is the second appeal of this case; the former appeal will be found in 263 S. W. 587.

The opinion states the case.

*W. W. Hair* and *DeWitt Bowmer* of Temple and *J. B. Hubbard* of Belton, for appellant.

*Few Brester,* District Attorney, *Henry Taylor,* County Attorney, *A. L. Curtis* of Belton, *Sam D. Stinson,* State's Attorney and *Nat Gentry Jr.,* Assistant State's Attorney, for the State..

BAKER, JUDGE—The appellant was convicted in the district court of Bell county for murder, and his punishment assessed at ten years in the penitentiary.

This is the second appeal of this case to this court. The first appeal will be found in 263 S. W. 587. The record discloses that the difficulty, which resulted in the death of the deceased, occurred on the public streets of the city of Belton, on November 25, 1922. It appears from the record that there had been a singing school in the neighborhood of the appellant and the deceased, Garner, in which Garner guaranteed to the teacher a certain sum before he would agree to teach said school, and that there was a subscription list circulated which was signed by the appellant, in which he agreed to pay $1.50 to same, and which was never paid by said appellant. The deceased, it appears, paid the $1.50 subscribed by the appellant, and upon appellant's refusal to pay him back said amount, he, appellant, contended that the deceased struck him several violent blows with his fists, which caused him considerable pain, produced some blood, and which stunned him, and that as soon as he could get up and get straightened, he began cutting the deceased with his knife and continued to cut him while the deceased was backing about 15 feet, and until he, appellant, saw he was out of danger, and then desisted. The record discloses that the deceased was a larger and stronger man than the appellant. Appellant also contends he did not know at that time that the deceased had guaranteed the amount to the teacher, or paid the amount he subscribed thereto. This, together with the facts set out in the former opinion, is a sufficient statement of the facts for a discussion of this opinion.

The record in this case is very voluminous, and among other things contains 38 bills of exceptions; and for the sake of brevity we must of necessity, therefore, limit this opinion to the vital questions presented as we understand them.

Bills 8 to 14, inclusive, complain of the action of the trial court in permitting the state, over his objection, to introduce evidence from various witnesses, who were present and observed the fight, and during the progress of the fight and while the appellant was cutting the deceased with his knife, to the effect that one Hunter, a bystander, stated, when the parties fighting were near him, "Cut his God damned head off," or "Cut his

head off," or words to that effect; because it is contended that said testimony was very harmful and prejudicial to the rights of the appellant before the jury, were not res gestae, and coming from a bystander the appellant would not be bound thereby. We have carefully examined the authorities on this question,, and have come to the conclusion from all the facts and circumstances surrounding this case, that said testimony was properly admitted. The record discloses that Hunter, a short time prior to the difficulty, had been in conversation with the appellant, and they were close together at the time the difficulty began, and was in hearing distance of the parties engaged in the fight at the time said statement was made. Appellant, however, testified that he did not hear said remarks. We think, under the peculiar facts of this case, that it clearly was a part of the res gestae, and also admissible under the law of co-principals, and the court was not in error in admitting same.

Appellant complains of the action of the court in refusing to charge the jury on manslaughter, based upon excessive force in repelling the attack made by deceased with his fists, on him. We are of the opinion that the learned judge should have submitted this issue to the jury, under the peculiar facts of this case, same showing that after the appellant had been attacked by the deceased with his fists, he, appellant, drew his knife and began cutting the deceased and continued to cut him while following him for a distance of some 15 to 20 feet.

Appellant also complains of the action of the court in his charge to the jury, because the court limited the appellant's defense to fear of death or serious bodily injury, and nowhere instructed the jury that he would have the right to defend himself against the deceased for a lesser attack and use such force as reasonably appeared necessary. We think the criticism made to the court's charge in this particular is well taken, and is sustained in the case of Holcomb v. State, 265 S. W. 1039, cited by the appellant. Also see the cases of Schultz v. State, 257 S. W. 880; Mynert v. State, 265 S. W. 167.

Appellant urgently insists that the trial court was in error in the twelfth paragraph of his charge, in submitting his defense to the jury, in not stating in connection therewith that if they had a reasonable doubt as to the facts enumerated by the court therein, to acquit the defendant, and by reason of eliminating therefrom a charge in connection therewith on reasonable doubt, the court shifted the burden of proof from the state to the defendant to prove his affirmative defense before he was entitled to an acquittal. This question has given this court a great deal of trouble, and we find it a very difficult

matter in many instances to determine just when a trial court should couple the reasonable doubt with any particular paragraph of his charge, especially when the court thereafter charges the law on reasonable doubt generally. But we think that the weight of authority in this state is to the effect that the court in charging the jury on an affirmative defense, should couple therewith the law of reasonable doubt, as well as charge the law generally thereon in said charge. Otherwise it appears to us that the jury would be warranted in believing that the court intended that the burden was on the defendant to show his defense, or at least it would be confusing to the jury without coupling therewith the law of reasonable doubt. We think the opinion as pronounced by Presiding Judge Morrow on this subject, in the case of Regittano v. State, 257 S. W. 906, should be the rule for the trial judges to follow in such instances on this issue involved in this case, which holds that a charge of the kind in question on self defense should embrace or couple therewith the law of reasonable doubt.

There are many other questions raised in this record, but the disposition we have made of this case makes it unnecessary, we think, for us to discuss same at this time.

For the errors above mentioned we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.