## ED THOMPSON V. THE STATE.

No. 10350.  Delivered November 24, 1926.

**1.—Manslaughter—Evidence—Of Malice—Properly Admitted.**

Where, on a trial for manslaughter, there was no error in permitting the state to prove that about eight or ten months prior to the homicide the appellant was indicted and paid a fine for fighting with the deceased. Such testimony was admissible on the issue of malice. Following Taylor v. State, 14 Tex. Crim. App. 340; Penton v. State, 149 S. W. 190; Thompson v. State, 187 S. W. 204.

**2.—Same—Charge of Court—On Reasonable Doubt—Erroneous.**

Where, on a trial for homicide, the evidence raises the issue of threats and of self defense, in submitting affirmatively such defensive theories in his charge, it is necessary that the charge embrace the doctrine of reasonable doubt. In the instant case the court erred in failing to so instruct the jury, and the error necessitates a reversal of the case. See Regitano v. State, 257 S. W. 906, and other cases cited in this opinion.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

This is the second appeal in this case. The former appeal is reported in 276 S. W. 699, where a sufficient statement of the facts will be found.

*Sanders & Sanders* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Shelby County for the offense of manslaughter, and his punishment assessed at two years in the penitentiary.

This is the second appeal of this case to this court. The first appeal is reported in 276 S. W. 699, where a sufficient statement of the facts will be found.

In bill of exception No. 2 complaint is made to the action of the court in permitting the state, on cross-examination of the

witness, H. A. Thompson, and over the objection of the appellant, to prove that the appellant had been indicted and had paid a fine for fighting about eight or ten months prior to the homicide. The appellant objected to said testimony because he had made no application for a suspended sentence, said offense inquired about did not involve moral turpitude, and said action on the part of the state was an attempt to prove an extraneous offense. The court, in qualifying this bill, states that the fight or difficulty in question was between the appellant and the deceased, Blount, and testimony concerning same was admitted on the issue of malice. There is no merit in the objection made, and we think the testimony was clearly admissible for the purpose stated in the qualification to the bill. Taylor v. State, 14 Tex. Crim. App. 340; Penton v. State, 149 S. W. 190; Thompson v. State, 187 S. W. 204.

The evidence in the record raised the issues of threats and self defense and the court charged thereon in paragraphs 10, 11, 12 and 13 of his géneral charge, to which portions of said charge the appellant urged timely objections for the reason that the court, in submitting these defensive theories, nowhere charged in connection therewith, or in relation thereto, the doctrine of reasonable doubt, but charged the jury to the effect that if they believed or found from the evidence that said facts existed, to acquit the appellant. The appellant contends that the court, in framing said portions of the charge, placed an undue burden upon him, and that the jury should have been charged that if they had a reasonable doubt thereof, to acquit him. We think the criticism urged to said portions of the charge is well founded, and that the court erred in failing to follow the doctrine laid down by this court in the cases of Regitano v. State, 257 S. W. 906; Hathcock v. State, 281 S. W. 859; Tucker v. State, 281 S. W. 870; Ford v. State, 285 S. W. 614.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.