## ED HOUSE V. THE STATE.

No. 17032. Delivered November 21, 1934.
Reported in 76 S. W. (2d) 511.

The opinion states the case.

*Marshall & Perkins,* of Quanah, and *Allen C. Grundy* and *Hamilton & Fitzgerald,* all of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of $50, and his punishment assessed at confinement in the State penitentiary for two years.

Inasmuch as the appellant challenges the sufficiency of the testimony to warrant his conviction, we deem it proper to set out the substance of the testimony adduced upon the trial.

On Monday night of the 2nd day of October, 1933, a four wheel trailer with something over 1300 pounds of seed cotton was taken from the possession of G. A. Scott. The trailer with the seed cotton in it was standing in the field near the home of Mr. Scott in Hardeman County, Texas, at the time it was taken. An investigation at the place where the trailer stood disclosed

that it had been shoved about 300 yards down into the pasture by two men where it was hooked on to an automobile and carried away. Mr. Scott tracked it by the prints of the casings to the highway. The tracks were plainly visible and he could tell that the car which pulled the trailer had four Goodyear tires, the treads of which were worn on top but the diamond print on the outer edges was plainly visible. He found only two human tracks at the place where the trailer was hooked on to the automobile but he did not measure them. He later observed the car belonging to Ed. House, the appellant. It was a Buick coupe and had four Goodyear tires on it which were worn slick at the top but the outer edge of one showed the diamond tread. He testified that the tires of this coupe corresponded with the tracks in his field; that the trailer was worth $30.00 and the seed cotton in it at the time was worth $40.00.

E. C. Dorris, a highway patrolman, testified that he heard of Mr. Scott losing a trailer with some cotton in it. It was reported to him the next morning, October 3rd; that on Sunday night, October 1st, he saw the car of Ed. House parked on the shoulder of the highway in the vicinity of Mr. Scott's home. He saw a man in the car at the time whom he believed to have been Steve Edwards. On the 19th day of October he found the trailer in the possession of Ed. House and he asked House where he got it. House told him he traded a 32 by 6 truck casing for it to a man who was passing through in a Chevrolet truck, 1928 Model; that he did not examine the tracks of the car which pulled the trailer from Mr. Scott's premises; that Ed. House's car was a Buick coupe and was equipped with four Goodyear tires, the tops of which were worn slick but the diamond tread on the side was visible; that the Goodyear tire was a standard make of tire and was in general use in that community.

Mr. Guy Harris, the operator of a filling station at Kirkland, testified that about the time Mr. Scott lost the trailer with seed cotton in it he saw a Buick coupe, 1930 Model, pass through Kirkland at about one or 1:30 o'clock at night pulling a four wheel trailer with cotton in it but he did not know who was driving it nor did he observe the license number of same.

L. D. Pierce testified that he lived at Memphis in Hall County, Texas; that he is in the automobile business at said place and had been since 1914; that Ed. House owned a Buick coupe, a 1930 Model, 64C, and according to his records Mr. House brought his Buick coupe to the shop for repairs on the 2nd day of October, 1933. The car stayed there until the 4th

of October because the record showed that he paid for the repair work and the material on the 4th; that he, Pierce, did not let any car go out of the shop until the repair charges are paid. The repair slip was offered in evidence and showed that the car was brought to the shop on the 2nd day of October for repairs and the repair work was paid for on the 4th of said month.

Mr. Morse, who operates a cotton gin, at Weatherly, Hall County, Texas, testified that on the 2nd day of October, 1933, Ed. House borrowed his car, which was a Chrysler sedan, in which to go to Dickens after his mother-in-law; that House's car was a coupe and was in bad condition; that he returned the sedan to Morse on the following afternoon. Mrs. Ed. House testified that on Monday, October 2, 1933, she and her husband went to Dickens in Mr. Morse's Chrysler sedan and brought her mother home with her the next day for the purpose of having her treated by Dr. Nelms; that it is approximately 85 miles from her home to Dickens; that they remained at her mother's home that Monday night and returned with her the next day when they took her to Dr. Nelms. Dr. Nelms testified that she did not know Mr. and Mrs. Ed. House prior to the 3rd day of October, 1933; that on the afternoon of said date they appeared at her home with Mrs. Wylie, the mother of Mrs. House, whom she treated from that day for several weeks. She introduced her books showing the date she began treating her to have been October 3, 1933. B. R. Foster testified that Ed. House came to him some time in November and told him that he had given $23 for the trailer and would be willing to pay Mr. Scott for the seed cotton if he would drop the charge.

Appellant's first contention is that the indictment is insufficient because it charged him with taking one four wheel trailer of the value of $40.00 and about 1300 pounds of seed cotton of the value of $40.00, but fails to definitely state the number of pounds of seed cotton taken. Bishop on Criminal Procedure, sec. 579, (2d Ed.), lays down the following rule: "If the property be correctly described in species, a variance from that description upon the trial as to the weight, magnitude, number, or value will be immaterial, unless the variance either affects the nature of the crime as well as the degree of the offense or the magnitude of the penalty." The indictment under consideration alleged the aggregate value of the trailer and the cotton to be $80.00. The cotton was described as seed cotton of about 1300 pounds. This seems to us to be sufficient under the rule above announced.

By bill of exception No. 3 the appellant complains of the action of the trial court in permitting the State to prove by Mr. Scott, after having described the automobile tire tracks found in his pasture, that some three weeks later he saw appellant's car; that the tracks made by said car corresponded with the tracks found in the pasture. The objection to said testimony was that it was an opinion and conclusion of the witness. It appears from his testimony that he did not measure the width of the tire tracks in his field, neither did he measure the marks of the diamond treads in the track, nor did he measure the known tire tracks of accused's car. Under said state of facts we doubt that the witness was qualified to express an opinion. See Carlisle v. State, 296 S. W., 889, and authorities there referred to. We do not wish to be understood, however, as holding that he could not testify to the size, width, shape and condition of the tire tracks found in his pasture and any known tire tracks made by accused's car, without expressing an opinion of his own; leaving the jury to draw their own conclusions from the facts stated. See Boyman v. State, 126 S. W., 1142; Williams v. State, 132 S. W., 345.

The appellant's next objection is directed against the court's charge. It appears that in due time he presented his written objection to paragraph 8 of the court's charge which reads as follows: "You are further charged that if you find and believe from the evidence in this case that defendant purchased or traded for a four wheel trailer testified about and he thus procured possession of the same from some other person, you will, in that event, acquit the defendant and say by your verdict not guilty."

The objection to said paragraph was that it did not include the theory of reasonable doubt, that it shifted the burden on the issue of purchase to the defendant and required a positive finding that he purchased or traded for the trailer before he could be acquitted. It seems now to be the well settled rule in this State, since the case of Regittano v. State, 257 S. W., 906, that the court in charging the jury on an affirmative defense should couple therewith the law of reasonable doubt as well as charge the law generally thereon. Otherwise, it might appear to the jury that the court intended that the burden rested on the defendant to prove his defense and the presumption of innocence which the law casts about him should be disregarded. See Garcia v. State, 275 S. W., 1005; Hathcock v. State, 281 S. W., 859; Tucker v. State, 281 S. W., 869; Ford v. State, 285

S. W., 614; Thompson v. State, 288 S. W., 464; and Shannon v. State, 30 S. W. (2d) 331.

The matters complained of in bill of exception No. 4 go to the weight of the testimony rather than to its admissibility. We therefore overrule said bill of exception. The appellant also questions the sufficiency of the evidence to sustain the conviction. We do not deem it necessary to express an opinion on the sufficiency of the evidence at this time further than to say that it presents a serious question.

We pretermit a discussion of the other errors complained of as they may not arise again upon another trial.

For the error pointed out in the court's charge, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.