## C. T. TUCKER V. THE STATE.

No. 20215. Delivered May 17, 1939.

The opinion states the case.

*Ward T. Torrans*, of Tyler, and *Leonard L. Gorin*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is rape; the punishment, death.

Prosecutrix, Irene Tucker, according to her testimony, became fifteen years of age during the month of March, 1938. The offense was alleged to have occurred on the 27th of June, 1938. The testimony presented no question of force, intimidation or coercion; but, on the contrary, showed that prosecutrix consented to the act of intercourse. Appellant was convicted as a principal, it not being shown that he had sexual relations with prosecutrix. However, according to her version, he sug-

gested that she sell her body for a stated sum and was nearby when Young Johnson had sexual relations with her. She testified that she received money from Johnson which she later gave to appellant. Johnson admitted that he attempted to have intercourse with prosecutrix, but denied that he penetrated her.

During the course of the direct-examination of prosecutrix, the district attorney propounded to her the following question: "Before that time, Irene, did you ever have anything to do with any other man?" She answered, "With a boy in the Valley. The boy had an act of intercourse with me." Later, in her direct-examination, she admitted to the district attorney that she had stated to him out of court that Johnson was the first man that had penetrated her. Upon cross-examination she testified as follows: "I testified that I had an act of intercourse with some boy down in the Valley before I came to Bullard or Lindale, or Smith County, and that is true. That act of intercourse was entered into of my own free will. I never told either my mother or father about that act of intercourse in the Valley until a few days ago. I was ashamed to say anything about it."

Art. 1183, P. C., reads as follows: "Rape is the carnal knowledge of a woman without her consent obtained by force, threats or fraud; or the carnal knowledge of a woman other than the wife of the person having such carnal knowledge with or without consent and with or without the use of force, threats or fraud, such woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, the person having carnal knowledge of her knowing her to be so mentally diseased; or the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud; *provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense.*" (Italics ours.)

In paragraph 9 of his charge, the court instructed the jury as follows: "You are further charged that if you believe from the evidence that prior to June 27, 1938, Irene Tucker voluntarily submitted herself to sexual intercourse with a male person, you must acquit the defendant."

We quote appellant's exception to the above instruction: "The defendant further objects and excepts to paragraph 9 of the charge because the same shifts the burden of proof to the defendant and should instruct the jury that if they believe

from the evidence, or have a reasonable doubt that Irene Tucker voluntarily submitted herself, they should acquit the defendant." The exception was well taken. In Simpson v. State, 247 S. W. 548, it is shown that the conviction was for rape alleged to have been committed upon a female under the age of consent. The testimony raised the issue of a previous unchastity of the prosecutrix. Upon that issue the court instructed the jury, as follows: "You are further instructed that, although you may find from the evidence, and beyond a reasonable doubt, that the prosecutrix, Louise Cluck, at the time of the alleged offense, was between the ages of fifteen and eighteen years, and that on or about the date alleged in the indictment the defendant had carnal intercourse with her, yet you cannot convict the defendant of said alleged offense if you find from the evidence that at the time of the alleged act of carnal intercourse the said Louise Cluck was not a chaste female; and in this connection, you are instructed that a chaste woman is one who has never had carnal intercourse with a man. As to this issue, you are instructed that the burden of proof is on the defendant."

Upon the issue of previous unchastity, Simpson presented a requested instruction which was refused. In reaching the conclusion that in its refusal reversible error was committed, this court, speaking through Judge Lattimore, used language as follows:

"The substantial difference between the special charge asked and the one contained in said paragraph 5 just quoted, lies in the omission from the charge as given of what we deem a material matter, consisting of that portion of said special charge next following the words 'chaste female' therein; said part of the requested charge being as follows:
" 'Or if from all the evidence you have a reasonable doubt as to whether at said time she was a chaste female.'
"We are of the opinion that the language of the 1918 amendment to the statute charging rape upon a female under the age of consent (chapter 50, Acts Fourth Called Session, Thirty-Fifth Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 1063), makes it apparent that the burden of showing that the alleged injured female was of previous unchaste character, is on the accused, and that this is a matter purely of defense. Norman v. State, 89 Tex. Cr. R. 330, 230 S. W. 991; Cloninger v. State, 91 Tex. Cr. Rep., 143, 237 S. W. 288.
"However, this burden is unquestionably met when it is made to appear by testimony that there is a reasonable doubt as to

the previous chaste character of the alleged injured female. It is not necessary for the State, in making out its case, to put in issue or to sustain by proof the previous chaste character of the alleged injured female, such being a matter of defense. If said matter be made an issue, we do not believe any greater burden rests upon the accused in making out such defense, than to present testimony sufficient to raise in the minds of the jury a reasonable doubt as to the previous chaste character of such female. We see no need for attempting to draw fine distinctions in the burden of proof and the quantum of proof. The statute in question contains nothing in reference to the amount of proof made necessary in order to justify the acquittal of the accused upon the hypothesis that the previous unchaste character of the injured female has been shown. We are unable to differentiate the rule applicable to cases of this character from the general rule applicable in all criminal cases. We know of no authority holding that one may be convicted of a crime where the evidence in the case raises in the minds of the jury a reasonable doubt upon any feature or element involved in the offense charged. In our opinion the charge of the trial court in paragraph 5, which states to the jury that the burden of proof was upon the defendant on the issue of the previous chaste character of the injured female, was to that extent correct; but we also believe that the refusal of the court upon request to instruct the jury that they could not convict the appellant, if they had a reasonable doubt from the evidence as to the previous chaste character of said female, was error, and such error as calls for a reversal of this case."

See, also, House v. State, 76 S. W. (2d) 511; Garcia v. State, 275 S. W. 1005; Hathcock v. State, 281 S. W. 859; Tucker v. State, 281 S. W. 869; Ford v. State, 285 S. W. 614; Thompson v. State, 288 S. W. 464; Shannon v. State, 30 S. W. (2d) 331; and Regittano v. State, 257 S. W. 906.

Giving effect to the announcement of the decisions, we are constrained to hold that the court fell into reversible error in failing to respond to appellant's exception to the charge in question.

In view of the fact that the testimony may not be the same in the event of another trial, we content ourselves with the statement that the contradictory testimony of the prosecutrix touching the alleged previous act of sexual intercourse raises a serious question as to the sufficiency of the evidence. It appears that the State made no effort to elicit from prosecutrix the name of the boy she claims to have had sexual intercourse

with. It might be that upon another trial the State will be able to have him present as a witness.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.