### EARL P. NEW v. THE STATE.

No. 21339. Delivered February 12, 1941.
Rehearing Denied March 26, 1941.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 23, 1941.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State. on submission.

CHRISTIAN, Judge.

The offense is rape; the punishment, death.

The case was tried upon the theory that Jim Johnson had sexual intercourse with Willie Joe Winchester, a girl under fifteen years of age, with her consent and that appellant, while present, and knowing the unlawful intent of Johnson, encouraged him by words in the commission of the unlawful act.

Prosecutrix was the step-daughter of the appellant, and, according to her testimony, became fourteen years of age on the 22nd of April, 1940. She lived in the home of her mother and

the appellant, where the offense occurred. It was her version on direct-examination that on the 8th of March, 1940, at night, Johnson came to her home and was admitted by appellant. She had already gone to bed pursuant to appellant's instructions. After admitting Johnson appellant brought him to the door of her room and turned his flashlight on her bed. Johnson came to her bed, fondled her person, and eventually had an act of sexual intercourse with her. The testimony fails to reveal whether appellant was in the room or in the house at the time the rape was accomplished. On cross-examination prosecutrix denied the transaction, saying that Johnson had not come to the house on the occasion in question and that her testimony touching the matter had been falsely given because she feared she would be sent to the reformatory. Upon redirect-examination she affirmed that the act of intercourse had taken place as first detailed by her. However, upon further examination by counsel for the appellant, she retracted her inculpatory testimony. According to the version she had first given, Johnson had been to her home on an occasion prior to the time of the act relied upon by the State and while there had had sexual intercourse with her.

Johnson, the accomplice witness, testified only to one act of intercourse with prosecutrix, which, if we comprehend the testimony, was on the 8th day of March, 1940. According to his version, appellant invited him to come to his home, and, upon his arrival there met him at the door, invited him in and carried him to the room of the prosecutrix. A monetary consideration moved from him to appellant shortly prior to the time he entered the room. Johnson testified that after fondling the person of prosecutrix he had an act of sexual intercourse with her. We find nothing in the testimony of Johnson to show whether appellant was in the room or in the house when the act occurred.

Appellant did not testify.

It was averred in the indictment that prosecutrix was under the age of fifteen years at the time of the alleged rape. Under the provisions of Article 1183, P. C., the age of consent is eighteen years. The allegation that prosecutrix was under fifteen years of age was favorable to appellant, and the indictment is sufficient. However, a greater burden was placed on the State by the pleader than was required by law. We quote

from Young v. State, 230 S. W. 414, in which Judge Lattimore, speaking for the court, used language as follows:

"The allegation that prosecutrix was under 15 years of age was favorable to appellant, the age of consent at the time as fixed by statute being 18 years. A greater burden was thus placed on the State by the pleader herein than was required by law.

"We have been unable to see anything substantial in the contention that the indictment was defective for the reason that an acquittal upon proof that prosecutrix was more than 15 years of age would not bar a subsequent prosecution by indictment charging her to be under the age of 18."

In view of the averment that the prosecutrix was under fifteen years of age, appellant introduced proof in an effort to show that she was beyond that age at the time of the commission of the offense. If the testimony introduced by appellant was sufficient on the point to raise in the minds of the jury a reasonable doubt as to the age of the prosecutrix then the jury should have been instructed to acquit the appellant if they entertained a reasonable doubt as to whether the prosecutrix was under fifteen years of age. See Tucker v. State, 128 S. W. (2d) 402. A charge on the issue was not given although appellant excepted to the charge for its failure to submit his defensive theory. We think that in view of the fact appellant's testimony presented no other theory than that prosecutrix was over fifteen, the exception was sufficient. Looking to the testimony which appellant contends is sufficient to raise a reasonable doubt as to the age of the prosecutrix, it is observed that a daughter of the appellant testified that prosecutrix lived in the home of appellant during the fall of 1930 and attended school. Again, the witness testified that Minnie Earl, the youngest sister of prosecutrix, was fourteen years of age. She said: "Willie Joe Winchester (prosecutrix) is older than Minnie Earl. She started to school before my baby sister (referring to Minnie Earl) did." Referring to prosecutrix's first school year, the witness said: "It was her first year of school. She was in the primer." It has been observed that prosecutrix testified that she became fourteen years of age on the 22nd day of April, 1940. It follows that if the testimony of the half-sister of the prosecutrix is to be accepted prosecutrix was between four and five years of age at the time she entered the public schools. If the youngest sister of prosecutrix was fourteen in May, 1940, which was the time of the trial, the prosecutrix could not have been fourteen years of age on the 10th of April, 1940. Under

all of the circumstances, we would not feel warranted in holding that the testimony adduced by the appellant on the question of the age of the prosecutrix was not sufficient to raise a reasonable doubt. It is true that several witnesses testified positively that the prosecutrix was fourteen years of age. However, the issue being raised, it was the province of the jury to determine the question under an adequate instruction, and such an instruction should have been given.

This being a consent case, if prosecutrix was over fifteen years of age at the time of the offense and previously unchaste, appellant would not be guilty of rape. According to the testimony of prosecutrix, she had theretofore had an act of sexual intercourse with Johnson. The State relied upon the second act. Article 1183, P. C., reads as follows:

"Rape is the carnal knowledge of a woman without her consent obtained by force, threats or fraud; or the carnal knowledge of a woman other than the wife of the person having such carnal knowledge with or without consent and with or without the use of force, threats or fraud, such woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, the person having carnal knowledge of her knowing her to be so mentally diseased; or the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud; provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

In construing this article this court, speaking through Judge Hawkins in Cloninger v. State, 237 S. W. 288, used language as follows:

"The state has filed a motion for rehearing in which it is urgently insisted that our original opinion is wrong where we held that, if prosecutrix had engaged in an act of intercourse with appellant at a time prior to the act elected by the state upon which to seek conviction, she was not of 'previous chaste character.'

"The argument advanced that a man who had brought about the defilement of a virtuous girl should not be permitted to hide behind his own wrong appeals very strongly to us as individuals, as it naturally does to any man who has at heart the preservation of the purity of womanhood, and the punishment for its violation. But if we surrendered to our feelings, following the

promptings of desire, and changed our former ruling, we cannot see it otherwise than that we would be arrogating to ourselves legislative functions, and in effect, by judicial construction, write into the law something which might with propriety have been incorporated by the Legislature, but was omitted by it.

"The last sentence of article 1063, P. C., defining rape, as amended at the Fourth called session of the Thirty-Fifth Legislature (Acts 35th Leg. (1918) c. 50), reads as follows:

" 'Provided, that if the woman is fifteen years of age or over, the defendant may show in consent cases, she was not of previous chaste character as a defense.'

"It seems to us that any other conclusion than heretofore announced would be to read into the law by judicial construction a further proviso 'that such defense should not be available to an accused if he was the author of the woman's unchastity.' Sentiment and reverence for virtue has a strong impelling force in that direction, but recognition of our duty to declare the law as written, rather than as we might wish it to be, draws the other way.

"The Legislature uses the words 'previous chaste character.' When we determine at what time an unmarried woman becomes 'unchaste' then the controlling question in this case is settled. The word 'chaste' is supposed to have been used by the Legislature in its ordinary meaning. It is not necessary to go to the text-writers and decisions of the courts to determine what the usual and ordinary meaning of 'sexual purity' is. But, if we go to the decisions, our own court has settled it in construing the very statute now under consideration. In Norman v. State, 89 Texas Cr. R. 330, 230 S. W. 991, it is said:

" 'A chaste woman, within the meaning of the law as applied to an unmarried woman, signifies one who has had no carnal knowledge of men. Cyc. of Law and Proc. vol. 6, p. 978; Words and Phrases, Second Series, vol. 1, p. 652; State v. Kelley, 90 S. W. Rep. 834, 191 Mo. 680; Kerr v. U. S., 104 S. W. 809; Marshall v. Territory, 101 Pacific, 139.' "

It has been observed that appellant was tried and convicted upon the theory that he was a principal. Appellant objected to the charge of the court on the ground that it failed to embrace an instruction covering the law of circumstantial evidence, his position being that the presence of the appellant at the time of the commission of the offense is shown alone by circumstances. While not predicating a reversal upon the failure to give the charge, the opinion is expressed that if the testi-

mony is the same upon another trial such an instruction should be given.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for a rehearing herein, and urges that the age of the girl, Willie Joe Winchester, was not made an issue in the trial of the case; that the age of this girl was not disputed in this trial. While this matter may not be free from doubt, nevertheless we think a charge should be given by the trial court to the jury relative thereto in the event of another trial.

The girl who was alleged to have been raped by Jim Johnson, a negro man, when first placed upon the stand, testified to an act of intercourse upon her part with this man. Upon her cross-examination she repudiated this testimony in its entirety, and claimed to have been frightened into making such statement, and upon her redirect examination she again asserted the truth of her previous direct testimony, and implicated her step-father as well as Johnson, the negro. Again she was questioned upon her re-cross-examination, and therein repudiated the incriminatory statements she had just given before the jury while being questioned by the State, thus leaving her testimony in a very unsatisfactory condition. It is evident that this witness' testimony had been tampered with by some one, and she was laboring under fear to such an extent that her testimony could not be relied upon to any great degree.

It is then observed that the negro, Jim Johnson, who testified for the State, was an accomplice, and was charged with the same offense as this appellant. As such an accomplice, necessarily his testimony, which implicated appellant in this offense, should have been corroborated by other testimony tending to connect this appellant with its commission. The State was forced to rely upon the girl's testimony for corroboration of the negro, and in the unsatisfactory condition that the little girl's testimony is in, with her affirmance and immediate denials, we confess we are not able to find any corroborative testimony of that of the negro that would lead us to say that the appellant solicited this negro to have intercourse with this girl, nor that

appellant was present at the time the negro says the act of intercourse with the girl took place. The whereabouts of the appellant during the negro's presence in the little girl's room should have been shown if possible.

Paragraph four of the court's charge should not have been given, but the first paragraph six was a correct exposition of the law applying to the doctrine of principals.

In the event of another trial hereof the girl may be able to give a more lucid explanation of the matters here at issue, but under her present testimony no substantial reliance can be placed upon her statement.

We see no reason to recede from our views expressed in our original opinion. The motion will be overruled.