## C. A. LYNCH V. THE STATE.

No. 23608. Delivered March 5, 1947.

*Dan Abbott* and *W. E. Martin*, both of Abilene, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the liquor laws and by the jury assessed a fine of $100.00 and six months in jail. Hence his appeal.

The facts show that appellant rented a certain building in Abilene, described as No. 2262 South Fourteenth Street, from Mrs. S. C. Oates, to whom he paid the rent therefor. The contract was for the period of one year beginning in November, 1945, and appellant, under his contract, could not sub-rent the

building. Mrs. Oates was told by appellant that he wanted to use the building for a termite exterminator office.

Some liquor control officers obtained a search warrant for such building, and entered the same on July 9, 1946. They found therein a large quantity of intoxicating liquors, including 69 pints of whisky, rum and gin, 19 four-fifths quarts, and 8 half-pints of gin, as well as several packages of business cards with the names of appellant and C. B. Barber thereon, also the building number, 2262 So. 14, and the words "TEXAS EXTERMI-NATION SERVICE, 1501 Pine Street, Phone 3341, Abilene, Texas."

Mr. Lynch (appellant) was not present at the time the search was made. However, witnesses testified that they had seen his automobile at such place; and while the search was in progress, Mr. Barber drove up close and then drove away. The officers soon apprehended him and he was taken into custody. It seems that the officers had also searched Barber's home previous thereto and found fourteen cases of whisky therein. According to the testimony of the officers, Mr. Barber had paid a fine of $750.00 for the possession of this whisky.

Barber and appellant both testified that the liquors found at No. 2262 South 14th Street was the property of Barber, and Barber testified that these liquors were included in the settlement when he paid the $750.00 fine. However, this the State denied, contending that Barber's fine was based on the search of his home and the fourteen cases of whisky found therein, and that he had sub-rented this building from Lynch and paid him $20.00 therefor at one time.

It was the State's contention that Barber and Lynch were partners, Lynch furnishing the money for this business and Barber doing the selling. It was shown that a few days prior to this search, a witness asked for some whisky at a filling station in Abilene conducted by one Atwood. The witness dialed telephone number 3341 and talked to someone; that soon thereafter appellant appeared with a bottle of whisky and delivered the same to the purchaser. This telephone number was the same as that appearing on the card of the Texas Extermination Service, referred to above, as the 'phone located at 2262 South 14th Street.

Appellant objected to the utilization of the search warrant, herein introduced, however, only before the trial judge. We are

cited to certain cases which we think uphold the State's contention that such warrant was a valid one. See Brown v. State, 136 Tex. Cr. R. 61, 124 S. W. (2d) 124, and McFarland v. State, 110 Tex. Cr. R. 101, 7 S. W. (2d) 955.

Appellant's defense hereto was that C. B. Barber, whom the State contended was a partner of appellant in the matters located at 2262 South 14th Street, had been raided at his home at another and different place, where the officers found fourteen cases of whisky, and that the liquors found at 2262 South 14th Street was also the property of Barber; that Barber pleaded guilty to the possession for the purpose of sale of all these liquors—not only that found at his home, but also those found at 2262 South 14th Street; that for the month beginning June 10th to July 10th, appellant had rented the premises to Barber for the sum of $20.00, and that the liquors found on July 9th were the property of Barber and did not belong to Lynch.

Appellant timely objected to the following portion of the trial court's charge:

"You are further charged that if you believe from the evidence that the witness C. B. Barber possessed the whiskey in question and that the same was in his exclusive possession, then and in that event you will acquit the Defendant and so say by your verdict not guilty."

The objection is predicated upon the fact that same shifted the burden of proof herein, and left out the fact that if a reasonable doubt was created in the jury's minds, appellant was entitled thereto.

Appellant also requested in writing a charge identical with the paragraph above quoted, adding thereto, however, the reasonable doubt that such defense might create. It is not required that appellant cause the jury to absolutely believe his defense; it is sufficient if same creates a reasonable doubt in their minds. This matter has been often discussed by this court, and at one time, there were divergent views thereon.

In the case of Regittano v. State, 257 S. W. 906, 96 Tex. Cr. R. 477, Judge Morrow discussed at length the previous views held thereon and laid down the following doctrine:

"It is believed, however, that where, as in the instant case, the defensive theory is an affirmative one—that is, where the connection of the accused with the homicide is conceded and

justified by affirmative testimony given by the accused—when the matter is properly presented in the trial court, there should be embodied in the charge submitting his defense the information to the jury that, if they believed the affirmative defensive facts or have a reasonable doubt of their truth, an acquittal should result."

To the same effect are the holdings in the following cases: Garcia v. State, 101 Tex. Cr. R. 423, 275 S. W. 1005; Hathcock v. State, 103 Tex. Cr. R. 518, 281 S. W. 859; Thompson v. State, 105 Tex. Cr. R. 351, 288 S. W. 464; Tucker v. State, 103 Tex. Cr. R. 598, 281 S. W. 869; House v. State, 127 Tex. Cr. R. 308, 76 S. W. (2d) 511; Shannon v. State, 115 Tex. Cr. R. 249, 30 S. W. (2d) 331, (opinion on rehearing); Wheeler v. State, 56 Tex. Cr. R. 547, 121 S. W. 166.

It is noted that Barber went on the stand and testified that the liquors found at 2262 South 14th Street belonged to him and that appellant had nothing to do therewith. If such defense was believed by the jury or created a reasonable doubt in their minds, then appellant should have been acquitted; and this cause will be reversed and remanded for the failure of the trial court to respond to such request of appellant.

There are other matters herein complained of that will doubtless not appear in another trial hereof.

For the error discussed, the judgment is reversed and the cause remanded.