### FRED C. WILLIAMS V. STATE

No. 27,822. November 23, 1955

E. T. Miller and Harold D. Sanderson, by E. T. Miller, Amarillo, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder is the offense, with punishment assessed at six years in the penitentiary.

The undisputed evidence, as shown by appellant's written confession, which was placed in evidence by the state, and also by his testimony supported by the physical facts, show that appellant killed deceased when he found him and his (appellant's)

wife in the bedroom of his home in bed together, each nude and in each other's embrace.

Art. 1220, P.C., has been a part of the statute law of this state throughout the years. It reads as follows:

"Adultery as justification:

"Homicide is justifiable when committed by the husband upon one taken in the act of adultery with the wife, provided the killing take place before the parties to the act have separated. Such circumstances cannot justify a homicide where it appears that there has been, on the part of the husband, any connivance in or assent to the adulterous connection."

We are aware of no case where the facts more abundantly establish the elements of this statute than those here presented. The trial court so recognized, and instructed the jury in accordance therewith.

In his charge upon that justification, the trial court required the appellant to establish the facts of justification beyond a reasonable doubt.

Appellant's exception that such charge placed upon him the burden of establishing his defense was well taken. All that the law requires, under such circumstances, is that the jury entertain a reasonable doubt of such facts. See Tucker v. State, 137 Texas Cr. R. 112, 128 S.W. 2d 402; Johnson v. State, 150 Texas Cr. R. 411, 201 S.W. 2d 832.

For the error discussed, the judgment is reversed and the cause remanded.